**John Jones Jr.**
9 Iris Road
Levittown, PA 19057

February 26, 2026

Clerk of Court Stephen Gill
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**Re:** Jones v. Kevin P. Wagner Sr., et al.
Civil Action No. **26-1050**

Dear Mr. Gill:

Please accept for filing Plaintiff's resubmission of the Complaint in the above-captioned matter. This submission is made within the twenty-one (21) day period permitted for amendment as of right. The Complaint itself is unchanged in all respects; however, this resubmission includes the exhibits referenced therein, which are now attached and incorporated for completeness of the record.

Enclosed please find:
1. Court copy of the Complaint with exhibits attached; and
2. Chambers courtesy copy for the Honorable Chad F. Kenney.

This submission is intended solely to supplement the previously filed Complaint with its referenced exhibits so that the Court and all parties have a complete unified pleading and exhibit set.

Thank you for your attention and assistance in this matter.

Respectfully submitted,

**John Jones Jr.**
9 Iris Road
Levittown, PA 19057

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



John Jones Jr.,
Plaintiff,

v.

Kevin P. Wagner Sr., et al.,
Defendants.

Case # 26-1050

## COMPLAINT AND JURY DEMAND

This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 for violations of Plaintiff's rights under the United States Constitution.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN JONES JR., Plaintiff

v.

KEVIN P. WAGNER SR.; KEVIN BURNS; ANDREW KORHONEN; ALEXUS GORDON WAGNER; JOSHUA PETERSON; THOMAS CALAMARI; BUCKS COUNTY; BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE; LEVITTOWN NOW / PUBLISHER, Defendants.

CIVIL RIGHTS COMPLAINT (42 U.S.C. § 1983)
JURY TRIAL DEMANDED

## I. INTRODUCTION

This action arises from a coordinated campaign by Defendants to knowingly fabricate, circulate, and maintain false written accusations against Plaintiff from in or about December 2021 through Plaintiff's jury acquittal on May 17, 2024. Plaintiff's criminal trial occurred on May 16–17, 2024, and all charges were dismissed by jury verdict on May 17, 2024.

## II. JURISDICTION AND VENUE

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

Plaintiff JOHN JONES JR. is a resident of Pennsylvania and brings this action pro se.

Defendant KEVIN P. WAGNER SR., a local District Justice, acted outside any judicial role and as a private citizen when he knowingly made and maintained false written statements to law enforcement authorities from at least 2021 through May 2024.

Defendant KEVIN BURNS, the Neshaminy School District Security Chief, authored and maintained false written statements asserting that Plaintiff was unlawfully present on school property, despite knowing that the cited restriction applied only during school hours. These false statements were created in or about December 2021 and reaffirmed through May 2024.

Defendant ANDREW KORHONEN, a Bucks County Constable, fabricated allegations of harassment in or about 2022, and continued to stand by those allegations through Plaintiff's trial and acquittal.

Defendant ALEXUS GORDON WAGNER, a private individual, knowingly submitted false written statements to authorities in or about 2021–2022 and acted jointly with state actors to reinforce those fabricated accusations through May 2024.

Defendant JOSHUA PETERSON, a Bucks County Constable, fabricated allegations of terroristic threats in or about 2022 to increase Plaintiff's bail exposure and maintained those allegations through trial.

Defendant THOMAS CALAMARI, also a Bucks County Constable, joined in fabricating terroristic threat allegations in or about 2022 and continued to support those accusations through Plaintiff's acquittal.

Defendant BUCKS COUNTY is a municipal entity organized and existing under the laws of the Commonwealth of Pennsylvania and is a "person" subject to suit under 42 U.S.C. § 1983.

Defendant BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE is a policymaking entity for Bucks County with respect to prosecutorial training, supervision, and administrative practices, and is subject to liability under 42 U.S.C. § 1983.

## IV. FACTUAL ALLEGATIONS

On Saturday, December 11, 2021, Plaintiff was present on the grounds of Walter Miller Elementary School, a public school, at a time when no school was in session. At all relevant times, written school policy restricted access only during active school hours. Plaintiff's presence on the property was lawful.

Despite knowing this policy, Defendants WAGNER SR. and BURNS advanced a false narrative of criminal trespass through written statements beginning in December 2021 and maintained those falsehoods through May 2024.

Defendants KORHONEN, PETERSON, and CALAMARI authored or caused to be authored written allegations of harassment, stalking, and terroristic threats in or about 2022 that never occurred.

These false written accusations were relied upon to file additional charges, increase Plaintiff's bail, and expose him to a potential sentence exceeding twenty-two years.

Defendants continued to affirm, rely upon, and stand by these fabricated statements throughout pretrial proceedings and into Plaintiff's criminal trial on May 16–17, 2024.

## V. NOTICE TO DEFENDANTS

At all relevant times, Defendants BUCKS COUNTY and the BUCKS COUNTY DISTRICT ATTORNEY'S OFFICE were on notice that the criminal charges against Plaintiff were unsupported by probable cause. Despite such notice, Defendants failed to intervene, correct, or terminate the prosecution and instead authorized, maintained, or ratified the continuation of charges, constituting deliberate indifference.

## VI. CLAIMS FOR RELIEF

### COUNT I – FOURTEENTH AMENDMENT (Fabrication of Evidence / Due Process)
Defendants knowingly fabricated and maintained false evidence from 2021 through May 17, 2024, depriving Plaintiff of liberty and a fair criminal proceeding.

### COUNT II – FOURTH AMENDMENT (Malicious Prosecution)
Defendants caused Plaintiff to be seized and prosecuted without probable cause by means of fabricated evidence, with favorable termination occurring on May 17, 2024.

### COUNT III – CONSPIRACY (42 U.S.C. § 1983)
Defendants agreed and acted in concert over an extended period to violate Plaintiff's constitutional rights.

## VII. DAMAGES AND INJURIES

As a direct and foreseeable consequence of Defendants' actions, including Plaintiff's prolonged detention on excessive bail, Plaintiff was separated from his service dog, Holly. During Plaintiff's incarceration, Holly died. The loss of his service dog caused Plaintiff severe emotional distress and continues to affect his mental health and daily functioning.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks compensatory damages, punitive damages, declaratory relief, costs, attorney's fees under 42 U.S.C. § 1988, and all other relief deemed just.

Respectfully submitted,

JOHN JONES JR., Pro Se

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN JONES JR., Plaintiff

v.

KEVIN P. WAGNER SR., et al., Defendants.

## NOTICE OF SUPPLEMENTAL FILING

Plaintiff John Jones Jr., proceeding pro se, hereby provides notice that he is contemporaneously filing the following supplemental materials together with his Civil Rights Complaint in this action:

1. Supplemental Monell Allegations -- Municipal Liability (42 U.S.C. § 1983); and
2. Supplemental Factual Allegations Concerning the Bucks County District Attorney and the Bucks County District Attorney's Office.

These supplemental filings are submitted solely for the purpose of clarifying and particularizing municipal liability, policymaker involvement, deliberate indifference, and related factual allegations already asserted in the Complaint. The supplemental materials do not assert new causes of action, do not alter the underlying factual timeline, and do not expand the scope of this action beyond the claims previously pleaded.

Plaintiff submits these materials to ensure a clear and complete presentation of his claims at the pleading stage and to aid the Court in its review. Plaintiff respectfully requests that the Court accept and consider the supplemental filings as part of the pleadings in this matter.

Respectfully submitted,

John Jones Jr.
Plaintiff, Pro Se

Supplemental Monell Allegations – Municipal Liability (42 U.S.C. § 1983)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN JONES JR., Plaintiff v. KEVIN P. WAGNER SR., et al., Defendants

SUPPLEMENTAL MONELL ALLEGATIONS

1. Plaintiff John Jones Jr., proceeding pro se, submits these Supplemental Monell Allegations in support of his federal civil rights action against Defendants Kevin P. Wagner Sr., et al. This filing supplements the Wagner federal case by setting forth additional and clarifying allegations concerning municipal policies, customs, practices, and deliberate indifference attributable to Bucks County and the Bucks County District Attorney's Office.

2. Defendant Bucks County is a municipal entity subject to suit under 42 U.S.C. § 1983. Defendant Bucks County District Attorney's Office is a final policymaking entity for Bucks County with respect to prosecutorial training, supervision, administrative practices, and evidentiary review policies, rather than individual charging discretion.

3. At all relevant times, the constitutional violations suffered by Plaintiff were caused by policies, customs, and practices of Bucks County and the Bucks County District Attorney's Office, including but not limited to the tolerance, adoption, and ratification of fabricated written accusations used to initiate and maintain criminal charges without probable cause. Plaintiff's municipal liability allegations are not based on vicarious liability for individual misconduct, but on institutional decisions and omissions attributable to municipal policymakers.

4. Defendants maintained a custom and practice of relying upon knowingly false or materially misleading written statements authored by law enforcement officers, constables, and affiliated officials, without adequate verification, correction, or disciplinary action, even after such statements were shown to be inaccurate or unsupported. The persistence of this practice through arrest, pretrial proceedings, bail determinations, and trial demonstrates that the challenged conduct was not isolated, but reflected an entrenched custom tolerated and enforced through multiple stages of the criminal process.

5. Defendants further maintained a policy or custom of deliberate indifference to constitutional violations by failing to train, supervise, and discipline law enforcement officers and constables regarding the fabrication of evidence, the use of false narratives to increase bail exposure, and the continuation of prosecutions lacking probable cause.

6. Policymakers for Bucks County and the Bucks County District Attorney's Office were on notice that the accusations against Plaintiff were unsupported and false, including through pretrial proceedings, the absence of corroborating evidence, and continued reliance on disputed written statements, yet failed to intervene, correct, or terminate the prosecution.

7. Despite such notice, Defendants authorized, approved, or ratified the continued reliance on fabricated written statements through Plaintiff's criminal trial on May 16–17, 2024. Such authorization and approval constituted an affirmative adoption of unconstitutional conduct as municipal policy.

8. The foregoing policies, customs, and practices were the moving force behind the violations of Plaintiff's rights under the Fourth and Fourteenth Amendments, including unlawful seizure, malicious prosecution, excessive bail, and deprivation of liberty without due process.

9. As a direct and proximate result of Defendants' municipal policies and deliberate indifference, Plaintiff suffered prolonged detention, emotional distress, reputational harm, and other damages.

# ADDENDUM – ADDITIONAL DEFENDANT AND FACTUAL ALLEGATIONS

This Addendum is incorporated into the Civil Rights Complaint as an additional factual and party-specific section placed near the end of the pleading so as not to disturb the previously stated factual allegations or Counts I–III.

## IX. ADDITIONAL DEFENDANT – LEVITTOWN NOW / PUBLISHER

Defendant LEVITTOWN NOW is an online news publisher operating within Bucks County, Pennsylvania, which published and continues to maintain an article asserting or implying that Plaintiff was jailed for "stalking a judge, a police officer, and a constable."

At the time of Plaintiff's criminal trial, all charges against Plaintiff were submitted to a jury, and Plaintiff was acquitted of all charges on May 17, 2024. Despite this outcome, the referenced article has remained available to the public without correction, clarification, or update reflecting Plaintiff's acquittal.

Plaintiff alleges that the continued maintenance and any republication, re-promotion, or material modification of the article after Plaintiff's acquittal conveys a false and defamatory implication of guilt, and has caused ongoing reputational harm.

Plaintiff further alleges, upon information and belief, that the article has been republished, promoted, modified, or otherwise reissued within the applicable limitations period, including but not limited to through website updates, metadata changes, or renewed distribution, thereby restarting the statute of limitations under Pennsylvania law.

These allegations are pled narrowly and independently so as not to alter or expand the core constitutional claims asserted against the governmental Defendants, and are included to preserve Plaintiff's rights pending discovery regarding republication and editorial control.

Respectfully submitted,

John Jones Jr.
Plaintiff, Pro Se

10. The criminal charges brought against Plaintiff were not the result of isolated decision-making, but reflected the deliberate reuse of a charging strategy previously employed against the Plaintiff's father, including similar accusations, framing of conduct, and disregard of exculpatory context.

11. The recurrence of these charging methods against closely related individuals establishes a pattern evidencing institutional memory and reliance on prior outcomes rather than coincidence.

12. The conduct at issue involved local police officers acting under color of state law and the Bucks County District Attorney's Office exercising charging authority, prosecutorial discretion, and oversight pursuant to informal policies permitting prosecution absent probable cause.

13. These practices were enabled by supervisory acquiescence, failure to discipline, and failure to correct known misconduct, thereby signaling institutional approval and constituting actionable policy or custom under Monell.

14. Municipal liability further attaches through the failure to adequately train and supervise officers and prosecutors regarding constitutional limitations on retaliatory enforcement, selective prosecution, and abuse of process.

15. Despite prior misuse of criminal charges against Plaintiff's father, no corrective measures were implemented to prevent recurrence against Plaintiff, rendering subsequent violations foreseeable.

16. These customs, practices, and failures were the moving force behind the initiation, maintenance, and consequences of the criminal proceedings at issue in the Wagner federal case, establishing the requisite causal nexus for municipal liability.

Respectfully submitted,

JOHN JONES JR., Pro Se

**ADDENDUM CLARIFYING SUPPLEMENTAL MONELL ALLEGATIONS (NON-AMENDMENT)**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN JONES JR., Plaintiff
v.
KEVIN P. WAGNER SR., et al., Defendants

Plaintiff John Jones Jr., proceeding pro se, submits this Addendum solely to clarify the procedural nature and intended scope of his Supplemental Monell Allegations previously filed in this action.

1. The Supplemental Monell Allegations are submitted for the limited purpose of clarifying, particularizing, and organizing municipal liability allegations already asserted in the Civil Rights Complaint.

2. The Supplemental Monell Allegations do not add new defendants, do not assert new causes of action, do not alter the underlying factual timeline, and do not expand the constitutional theories previously pleaded.

3. The Supplemental Monell Allegations are not intended as, and should not be construed as, an amended complaint or a request for leave to amend under Rule 15 of the Federal Rules of Civil Procedure.

4. The Supplemental Monell Allegations merely further detail existing allegations concerning municipal policy, custom, policymaker involvement, ratification, training, supervision, and deliberate indifference already placed at issue in the Complaint.

5. Plaintiff submits this Addendum to ensure clarity of record and to avoid any misunderstanding as to the procedural posture of the Supplemental Monell Allegations at the pleading stage.

Respectfully submitted,

JOHN JONES JR.
Plaintiff, Pro Se

Date: 3-FEB-26

## SUPPLEMENTAL FACTUAL ALLEGATIONS

## (NON-PLEADING FACTUAL SUPPLEMENT — PRIOR NOTICE TO DISTRICT ATTORNEY)

### X. Plaintiff-Authored Written Notice (Weintraub Letter)

X.1 Prior to the events giving rise to this action, Plaintiff authored and transmitted written correspondence commonly referred to as the "Weintraub letter," which was sent directly to the Bucks County District Attorney and copied to multiple state and federal officials. This correspondence provided advance notice of retaliatory motives, misuse of enforcement authority, and the foreseeable risk of unconstitutional action absent intervention.

X.2 The Weintraub letter was deliberately disseminated to prosecutorial, judicial, and federal authorities, underscoring the seriousness of Plaintiff's warnings and placing the District Attorney on actual notice of a substantial and obvious risk of constitutional injury.

X.3 Despite receipt of this written notice, the District Attorney failed to investigate, intervene, supervise, or take corrective action, thereby disregarding a known and foreseeable risk of retaliatory and unconstitutional enforcement.

X.4 This deliberate indifference was a moving force behind Defendant Wagner's subsequent unconstitutional conduct toward Plaintiff.

### X.5 Foreseeability and Escalation Risk

X.5 The Weintraub letter specifically warned of escalation risks stemming from unresolved retaliatory animus and misuse of law-enforcement authority. The subsequent actions taken against Plaintiff were consistent with those warnings and fell squarely within the foreseeable outcomes identified in the written notice.

### X.6 Temporal Proximity

X.6 The unconstitutional conduct directed at Plaintiff occurred within a close temporal proximity to the transmission and receipt of the Weintraub letter, reinforcing the inference that the risk identified in advance was both imminent and obvious, and that intervention was reasonably required.

### X.7 Absence of Supervisory or Corrective Measures

X.7 Following receipt of the Weintraub letter, no corrective guidance, supervisory review, training directive, or intervention was issued to address the risks identified therein. The absence of any remedial action permitted the continuation and execution of retaliatory enforcement conduct.

### X.8 Notice Beyond a Single Official

X.8 The Weintraub letter was not limited to a single recipient but was copied to multiple governmental authorities, further reinforcing the objective reasonableness of Plaintiff's expectation that preventative action would be taken and underscoring the breadth of notice provided prior to

the constitutional injury.

### X.9 Purpose and Scope of This Supplement

This document is submitted solely as a non-pleading factual supplement to clarify prior notice, foreseeability, and causation. It does not assert new claims, add parties, amend counts, or request relief, and is intended exclusively to supplement the factual record supporting Plaintiff's existing claims in this action.

Respectfully submitted

_____

John Jones Jr.

**John Jones Jr. v. Kevin P. Wagner Sr., et al.**
**Non-Pleading Factual Supplement Regarding Damages**

Plaintiff submits this Non-Pleading Factual Supplement to further specify and preserve categories of damages arising from the maintained criminal charges and related incarceration. This submission does not amend the Complaint, does not add new causes of action, and does not alter any theories of liability previously pled.

As a direct and proximate result of Defendants' actions and the maintained charges, Plaintiff has suffered and continues to suffer serious injuries and damages.

Plaintiff requires a left shoulder replacement as a result of incarceration.

Plaintiff developed and now suffers from a serious heart condition as a result of incarceration.

Plaintiff suffered severe financial losses due to the maintained charges and continues to suffer ongoing financial injuries.

Plaintiff suffers emotional distress and severe depression as a result of the maintained charges, including the death of Plaintiff's service dog, Holly.

Plaintiff has suffered and will continue to suffer numerous physical, emotional, medical, and financial injuries caused by the maintained charges.

Plaintiff's injuries are ongoing in nature. Additional damages may be revealed, quantified, or substantiated through discovery, expert testimony, and further proceedings. Plaintiff expressly reserves the right to seek all compensatory, consequential, emotional distress, medical, economic, and other damages permitted by law.

Respectfully submitted,

John Jones Jr.
Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr.,
Plaintiff,
v.
Kevin P. Wagner Sr., et al.,
Defendants.
Civil Action No. 26-1050

## NOTICE OF INCORPORATION BY REFERENCE OF TRIAL TRANSCRIPT FILED IN CIVIL ACTION NO. 23-4879

Plaintiff provides notice that the complete criminal trial transcript referenced in the Complaint herein (approximately 300 pages) was previously filed in this Court in *Jones v. Shapiro et al.*, Civil Action No. 23-4879.

The transcript is part of the official federal court record in that matter and is available to this Court and all parties through the docket of Civil Action No. 23-4879.

Plaintiff relies upon and incorporates that transcript herein by reference. Due to its length, the transcript is not reproduced in the service copies of the Complaint and exhibits served upon Defendants.

Respectfully submitted,

John Jones Jr.

9 Iris Road

Levittown, PA 19057

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NOTICE OF RELATED CASE

Pursuant to Local Civil Rule 40.1, Plaintiff provides notice that the above-captioned matter is related to a previously filed action in this Court.

| | |
|---|---|
| Current Case Caption: | John Jones Jr. v. Kevin P. Wagner Sr., et al. |
| Related Case Caption: | John Jones Jr. v. Jeffrey Wagner, et al. |
| Related Case Number: | 23-4879 |
| Assigned Judge (if known): | Hon. Karen S. Marston |

The above actions arise from a common nucleus of operative facts and present related factual and legal issues. While the parties are not overlapping, certain individual defendants in the present matter are related to individuals involved in the prior action, including conduct associated with Middletown Township Police Officer Jeffrey Wagner, a defendant in Case No. 23-4879. Assignment to the same Judge would promote judicial economy and reduce the risk of inconsistent rulings.

Respectfully submitted,

John Jones Jr.
Plaintiff, Pro Se

Date: 3-FEB-26

## LITIGATION HOLD / PRESERVATION NOTICE

| To (Defendant Name): | **DEFENDANT NAME:** Bucks County |
|---|---|
| | **ADDRESS FOR SERVICE:** |
| Address: | c/o Bucks County Commissioners / Chief Clerk |
| | 100 North Main Street |
| | Doylestown, PA 18901 |
| City / State / ZIP: | |

PLEASE TAKE NOTICE that this letter serves as a formal litigation hold and preservation notice. You are hereby instructed to preserve all documents, records, communications, and electronically stored information ("ESI") that may be relevant to pending or reasonably anticipated federal litigation.

### Duty to Preserve Evidence

This duty applies to any and all materials in your possession, custody, or control, whether maintained personally, professionally, or through third parties. This obligation applies regardless of format or medium.

### Materials to Be Preserved Include, But Are Not Limited To:

- Written statements, reports, affidavits, notes, and drafts
- Emails, text messages, instant messages, and messaging app data
- Call logs, voicemails, and contact records
- Electronic files, metadata, and document revision histories
- Photographs, videos, audio recordings
- Cloud-based data, backups, and archived materials
- Data stored on personal devices used for any relevant communications

### Relevant Time Period

This preservation obligation applies to materials created, modified, transmitted, or maintained from at least December 2021 through May 17, 2024, and continuing through the present.

### Prohibition on Destruction or Alteration

You must suspend any routine or automatic deletion, overwriting, or destruction policies that may affect relevant materials. This includes, but is not limited to, auto-delete functions, device resets, and data purges.

Failure to preserve relevant evidence after receipt of this notice may result in court-imposed sanctions, adverse inference instructions, or other remedies as permitted by law.

Sincerely,

John Jones Jr.
Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr.,
Plaintiff,

v.

Kevin P. Wagner Sr., et al.,
Defendants.

Civil Action No. 26-1050

### NOTICE OF INCORPORATION BY REFERENCE OF TRIAL TRANSCRIPT FILED IN CIVIL ACTION NO. 23-4879

Plaintiff provides notice that the complete criminal trial transcript referenced in the Complaint herein (approximately 300 pages) was previously filed in this Court in *Jones v. Shapiro et al.,* Civil Action No. 23-4879.

The transcript is part of the official federal court record in that matter and is available to this Court and all parties through the docket of Civil Action No. 23-4879.

Plaintiff relies upon and incorporates that transcript herein by reference. Due to its length, the transcript is not reproduced in the service copies of the Complaint and exhibits served upon Defendants.

Respectfully submitted,

John Jones Jr.

9 Iris Road

Levittown, PA 19057

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr.,
**Plaintiff,**

v.

Kevin P. Wagner Sr., et al.,
**Defendants.**
Civil Action No. 26-1050

### LETTER NOTICE REGARDING USE OF EXHIBITS ALREADY IN COURT POSSESSION

Dear Judge Kenney:

I write to advise the Court that I intend to rely upon certain exhibits that are already in the possession of this Court from my prior federal case, *Jones v. Shapiro et al.*, Civil Action No. 23-4879, exhibits one through 39, list attached herein.

A copy of this letter is being sent to all defendants so that no allegation of ex parte communication may arise.

Your Honor previously presided over a matter I filed in 2015, specifically Civil Action No. 15-5594. In that case, I alleged misconduct by District Justice Joanne V. Kline of Bristol Township.

I respectfully direct the Court's attention to Exhibits 1-WL and 1-LPC. Those exhibits reflect that District Justice Joanne V. Kline presided over a case involving me and her neighbor and his son, specifically Jeffery Wagner.

I wish to draw the Court's attention to those exhibits in particular.

Thank you for your time and consideration.

Respectfully submitted,

John Jones Jr.

9 Iris Road

Levittown, PA 19057

## EXHIBITS

1. Letter from Neshaminy School District, dated 9-NOV-21.
2. Letter to Judge Kelly about the Wagner harassment, dated 23-Aug-21, 2 pages.
3. Letter to Deputy Warden Reed, dated 11-FEB-22.
4. Letter to judges to save my Holly's life, dated 22-Feb-22.
5. Letter to Kevin Burns, dated 22-DEC-21.
6. Letter To Chief J. Bartorilla, dated 5-JAN-22, 2 pages.
7. Letter to Judge Bateman requesting help, dated 14-DEC-21.
8. Letter to D. A. Heckler exposing corruption, dated 20-JAN-17
9. Letter to D. A. Weintraub requesting help, dated 20-JAN-22, 3 pages.
10. Motion To Stay, motion To Be Heard, timely filed in Bucks Co. Court.
11. Motion For Change Of Venue, timely filed in Bucks Co. Court
12. Motion To Remand, timely filed in Bucks Co. Court
13. Motion For Continuance, timely filed in Bucks Co. Court.
14. The only response to the afore mentioned motions, dated 3-AUG-22.
15. Order placing me on probation in Bucks Co. by Judge Lieberman, 16-AUG-23.
16. Dr. Weidenfeld letter to the court, dated 2-OCT-19
17. Dr. Weidenfeld letter to the court, dated 18-Dec-19
18. dr. Weidenfeld letter to the court, dated 18-SEP-19
19. Dr. Weidenfeld letter to the court, dated 29-JAN-20.
20. Dr. Weidenfeld letter to Bucks Co. Court, dated 10-JUN-20.
21. Letter to court 7103 NOTICE of RIGHT to SUE, dated 23-MAR-21.
22. Letter to court 7103, dated 21-APR-21.
23. Letter to court 7103, I'LL SURRENDER LETTER, dated 21-APR-21.
24. Letter to court 7103, NOTICE of RIGHT to SUE, dated 19-JUL-21
25. Letter to court 7103, alleging ongoing harassment, dated 22-JUL-21
26. Picture of my Holly walking at Walter Miller Elementary School.
27. Picture of my Holly off leash with Middletown Officer Morrison.
28. Bucks County Prison housing status and movement documentation.
29. Picture of J. Wagner and officer with gun drawn taken on 11-DEC-21.
30. Picture of Middletown Officer J. Beck not citing me on 11-DEC-21.
31. Cop[y of arrest warrant "terroristic threats" showing case filed 21-MAR-22.
32. Picture of Middletown Officer not charging on school property with Holly.
33. Picture of Holly about to be arrested by Officer Jeffery Wagner.
34. Picture of Jeffery Wagner, Sgt. Lubold and gun drawn officer on 11-DEC-21.
35. Letter to FBI alleging Constables under undue Wagner influence, 28-FEB-22.
36. Letter to FBI from prison requesting investigation and assistance, 8-MAR-22.
37. Letter to FBI alleging corruption and requesting assistance, dated 23-JUL-21.
38. Letter to FBI requesting investigative intervention on my behalf, 3-AUG-21.
39. Letter to FBI stating **"I was plucked like a Jew from a farm field in Germany by the Geheime Staatspolizie"** by Jeffery Wagner on 11-DEC-21, sent to the FBI on 11-JAN-22, 2 pages.

# EXHIBIT 1-BL

SUPPLEMENTAL FACTUAL ALLEGATIONS

(NON-PLEADING FACTUAL SUPPLEMENT — PRIOR NOTICE TO JUDICIAL AND MUNICIPAL AUTHORITIES)

**X. Plaintiff-Authored Written Notice (Bateman Letter)**

**X.1** Prior to the escalation of enforcement and prosecutorial actions against Plaintiff arising from the Dec. 11, 2021 incident, Plaintiff authored and transmitted written correspondence dated Dec. 14, 2021 to the President Judge of Bucks County, with copies to judicial administration, the Bucks County District Attorney, and the Middletown Township Police Department (the "Bateman letter"). This correspondence provided contemporaneous written notice of unlawful arrest, misuse of enforcement authority, retaliatory motive, and the absence of lawful basis for police action.

**X.2** The Bateman letter documented that Plaintiff was engaged in lawful activity at the time of the Dec. 11, 2021 encounter, was not Mirandized or formally charged, and was subjected to detention, property seizure, and separation from his service dog without lawful justification. The correspondence further identified the involved officer and agencies and asserted that the conduct was retaliatory in nature.

**X.3** The Bateman letter was deliberately disseminated to judicial, prosecutorial, and municipal law-enforcement authorities, thereby placing each recipient on actual notice of an alleged constitutional violation and an ongoing risk of further retaliatory or unsupported enforcement actions against Plaintiff absent intervention.

**X.4** Despite receipt of this contemporaneous and detailed written notice, no investigation, supervisory review, corrective guidance, or protective intervention was undertaken by judicial authorities, the District Attorney, or municipal supervisors. This failure to act disregarded a known and foreseeable risk of continued unconstitutional enforcement conduct directed at Plaintiff.

**X.5 Foreseeability and Escalation Risk** The Bateman letter warned that the Dec. 11, 2021 arrest and detention arose from retaliatory animus and misuse of authority rather than lawful grounds. Subsequent enforcement and prosecutorial actions taken against Plaintiff were consistent with the risks identified in this written notice and fell squarely within the foreseeable outcomes described therein.

**X.6 Temporal Proximity** The unconstitutional conduct directed at Plaintiff occurred in close temporal proximity to the transmission and receipt of the Bateman letter, reinforcing the inference that the risk identified in advance was both imminent and obvious and that supervisory or prosecutorial intervention was reasonably required.

**X.7 Absence of Supervisory or Corrective Measures** Following receipt of the Bateman letter, no corrective directive, supervisory review, training guidance, or policy

intervention was issued to address the documented risks. The absence of remedial action permitted the continuation and escalation of retaliatory enforcement conduct against Plaintiff.

**X.8 Notice Beyond a Single Official** The Bateman letter was not limited to a single recipient but was copied to multiple governmental authorities, including judicial leadership, prosecutorial authority, and municipal law-enforcement. This breadth of dissemination reinforced the objective reasonableness of Plaintiff's expectation that preventative action would be taken and underscored the scope of institutional notice provided prior to subsequent constitutional injury.

**X.9 Purpose and Scope of This Supplement**

This document is submitted solely as a non-pleading factual supplement to clarify prior notice, foreseeability, and causation arising from Plaintiff-authored written notice transmitted three days after the Dec. 11, 2021 incident. It does not assert new claims, add parties, amend counts, or request relief, and is intended exclusively to supplement the factual record supporting Plaintiff's existing claims in this action.

Respectfully submitted,

John Jones Jr.

9 Iris Rd.

Levittown, PA 19057

# John Jones Jr.
## 9 Iris Rd. Levittown
## PA 19057

Honorable Wallace H. Bateman Jr.                    Calendarfax@Buckscounty.Org
President Judge, Judges Chambers                         via Fax 215-491-7658
100 N Main St. Doylestown, PA 18901                         14-DEC-2021

Judge Wallace:

I am requesting a cease and desist order from the court. This is my cease and desist letter to the local police and respective TWP's including Bristol and Middletown. I was arrested on 11-DEC-21 by Middletown TWP police officer Jeffery Wagner 17 Gun Rd. Levittown, son of Kevin Wagner Sr. 16 Gun Rd. Levittown, nephew of Robert and Maryann Wagner 621 Keston Dr Fairless Hills, PA. , while walking my service dog on school property around noon on Saturday 11-DEC-21, within the confines of the law as demonstrated by the letter included from school security employee Kevin Burns. I was never mirandized or formally charged.

The officers on scene refused to identify themselves and stole a pocket knife from me as well as god knows what else. Why no reading of my rights? That's a clear violation of my civil rights. OH, That's right, wait, it's a Wagner, no accountability whatsoever.

I was separated from my service dog, photographed, finger printed and had my vehicle impounded. I was then escorted by Jeffery Wagner to a gate after being returned my service dog Holly and told to find my own way home with 2 hip replacements and a 15yr old dog with bad hips in my care. He was very/quite gleeful about me being stranded.

This was is in retaliation to my Whistle blowing activity, my letter to Judge John Kelly date stamped 23-AUG-21, and included herein, and much more Judge.

There is nothing the County of Bucks, Bucks DA office, Middletown TWP, Bristol TWP, the FBI, Tina Davis, Brian Fitzpatrick or anyone else has done when I complained earlier. I foretold of such illegal acts in a 16 page FAX to everyone that was being perpetrated upon me to protect the Wagners as well as others.  I supplied perfect video evidence to Middletown officer Derek Leonhauser of threats of death and more with no action taken on my behalf, yet a 60yr old man walking his dog gets thrown in jail?

Respectfully submitted.

John Jones Jr

cc. Judge Jeffery L. Finely, Bucks County, PA.  Fax 215-348-6101
    Bucks County District Attorney Matthew Weintraub. Fax 215-348-6299
    Middletown TWP Police Dept. Fax 215-752-3449

# EXHIBT 1-KWL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr.
Plaintiff,

v.

Kevin P. Wagner Sr. et al.
Defendants.

Civil Action No. 26-1050

### SUPPLEMENTAL FACTUAL ALLEGATIONS

### (NON-PLEADING FACTUAL SUPPLEMENT -- PRIOR WILLINGNESS TO SURRENDER AND BRISTOL DISTRICT COURT NOTICE)

X. Plaintiff-Authored Written Notice (April 21 2021 Bristol District Court Letter)

X.1 Prior to the events culminating in Plaintiff's February 3 2022 arrest and detention, Plaintiff authored and transmitted written correspondence dated April 21 2021 to Bristol Township District Court 7103 (the "April 21 letter"), within the jurisdiction and supervisory authority of Magisterial District Judge Kevin P. Wagner Sr.

X.2 In this correspondence, Plaintiff expressly stated that if any warrant were issued in connection with Bristol Township matters, Plaintiff would voluntarily surrender to the Bucks County District Attorney.

X.3 Because the April 21 letter was directed to Bristol Township District Court 7103, presided over by Magisterial District Judge Kevin P. Wagner Sr., the Court was placed on advance written notice that Plaintiff would surrender voluntarily upon issuance of any Bristol Township warrant.

X.4 On February 3 2022, Bristol Township Police Officer Jason Mancuso informed Plaintiff that a warrant existed and demanded surrender within approximately one hour. Plaintiff requested permission to surrender the following morning at 9:00 a.m. to secure care arrangements for his service dog, Holly.

X.5 Despite Plaintiff's documented voluntary-surrender posture known to the Bristol Township court and authorities, Officer Mancuso denied next-morning surrender and required immediate custody.

X.6 This refusal created a custodial emergency that prevented Plaintiff from arranging care for Holly.

X.7 Holly's death during Plaintiff's incarceration was a foreseeable and direct consequence of denying brief surrender deferral despite prior written notice that Plaintiff would surrender upon warrant issuance.

X.8 The April 21 letter establishes that Bristol Township judicial and law-enforcement authorities had advance written notice of Plaintiff's willingness to surrender, yet imposed immediate surrender on February 3 2022, directly resulting in the loss described.

X.9 Purpose and Scope of This Supplement

This document is submitted solely as a non-pleading factual supplement to clarify prior notice of Plaintiff's willingness to surrender, the denial of reasonable surrender deferral by Officer Mancuso, and resulting causation during Plaintiff's February 2022 detention.

Respectfully submitted,

John Jones Jr.

9 Iris Rd.

Levittown, PA 19057

**John Jones Jr.**
**9 Iris Rd. Levittown**
**PA 19057**

District Court 7103                              Via Fax  267-885-1667
Bath Road                                        21-APR-2021
Levittown, PA

Tammy:

I have not received any word on my continuance request. I was used to your many voice messages stating how "warrants would be issued" if I did not appear or how I would be found guilty "of all charges" regardless of/evidence on/of record and or circumstances provided earlier in absentia. Yes, you said warrants would be issued, I will not be stepping foot in any Bristol TWP court, and moreover one that Bristol TWP police officer Lt. Johnson disclosed in a phone call while in my doctors office with my doctor present, that he had a rapport with Kevin Wagner Sr. Judge Daniel Baranoski dismissed multiple (8 or more) Bristol TWP charges in absentia because they were unconstitutional.

Feel free to leave a voice message as you have done numerous times in the past. I will be turning myself into the district attorney on Friday if "warrants are issued" as you have stated numerous times on recordings in the past. I'll surrender to the District Attorney.

I have a service dog and if you or your TWP people further hinder my care of her in any way including for parking tickets I can prove others within the township "clique" have gotten away with such acts unhindered I will publicly provide 100% legal evidence that my allegations are accurate. Did you know that higher learning institutions as well as employers may remove any individuals due to the over burdensome security expense of any such person within their organization?  A cop uses the "N" word, no cop kid college.

Yes, if any police officer EVER used, for instance the "N" word, at say, an Irish Pub, a local eatery/restaurant or in the middle of a public street, where they have no reasonable expectation of privacy and furthermore they jeopardized their entire extended family. It is a whole new world for police. Now a hero cop is one that testifies against other cops, not one taking the advice of an FOP representative telling him about the "Dead mans act", an archaic 1860's law still on the books, and stepping into traffic, running into danger or committing suicide in order to avoid litigation and keep their family well (FOP) cared for regardless of their past illegal/inappropriate/racist or otherwise abusive actions towards others in society which they suspect may now come into light after many years of not so.

If Kevin Wagner Sr. finds me guilty in absentia I will surrender to the District Attorney and proceed accordingly within the laws of the Common Wealth of Pennsylvania.

JOHN JONES JR.

cc. Judge Jeffery L. Finely, Bucks County, PA.  Fax 215-348-6101
    Judge Wallace H, Bateman, President Judge, Bucks County, PA.
    Bucks County District Attorney Matthew Weintraub. Fax 215-348-6299
    Judge Cynthia M. Rufe, US Federal Court Eastern District of Pennsylvania

# EXHIBT 1-LPC

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOHN JONES JR., Plaintiff**

v.

**KEVIN P. WAGNER SR., et al., Defendants**

**Civil Action No. 26-1050**

LACK OF PROBABLE CAUSE (DECEMBER 11, 2021 ARREST) LACK OF PROBABLE CAUSE

(DECEMBER 11, 2021 ARREST) -- NESHAMINY LETTER VS. AFFIDAVIT

Overview. This section contrasts the explicit language of the Neshaminy School District letter dated November 9, 2021 with the assertions contained in the Middletown Township Affidavit of Probable Cause for the arrest of December 11, 2021. The documents are read together because the affidavit relies on the letter as the core predicate for knowledge and trespass notice.

1) Express scope of the November 9, 2021 Neshaminy letter. The Burns letter states in substance: it was brought to the school's attention that John Jones had been parking on Walter Miller Elementary School property during school hours; no one is permitted on school property except for school business during school hours; further incidents could result in prosecution under Title 18 § 3503. Structural meaning of the letter: the conduct described is parking; the temporal scope is during school hours; the language is conditional and prospective; the letter does not state a blanket prohibition on presence on school grounds at all times; the letter does not authorize arrest; the letter does not state that entry outside school hours constitutes trespass.

2) Assertions in the December 11, 2021 Affidavit of Probable Cause. The Middletown affidavit asserts in substance: officer observed John Jones on school property beside his truck on the baseball field; officer referenced a trespassing letter on file; Jones acknowledged

receiving the letter; officer concluded Jones was trespassing. Notable structural features: the term trespassing is used as a conclusion; the affidavit does not quote the limiting school-hours language of the letter; the affidavit does not state school was in session; the affidavit does not state posted signage applicable at that time; the affidavit does not state a directive to leave and refusal; the affidavit relies on the letter for knowledge and notice.

3) Direct contradiction between letter scope and affidavit inference. The arrest occurred December 11, 2021, a Saturday around midday with no school in session. The letter predicate is explicitly limited to parking during school hours. The affidavit inference expands the predicate to presence on property at any time equals trespass. This expansion is not contained in the letter text. The affidavit therefore converts a time-limited parking warning into a blanket trespass prohibition. That conversion is the central probable cause defect.

4) Statutory element mapping. For trespass predicated on notice, the following must exist: notice against entry applicable at that time and place; knowledge of that notice; entry or remaining in defiance of the notice. Application: notice applicable at that time is absent because the only written notice is limited to school hours; knowledge is limited to school-hours parking restriction; defiance is not established where the notice does not apply temporally. Thus the affidavit supplies knowledge only by omitting the temporal limitation contained in the letter.

5) Magistrate review context. The affidavit and the November 9 letter were both available for review at probable cause approval. The letter's operative limitation – during school hours – is facial and unambiguous. The affidavit's probable cause conclusion depends on treating the letter as a general trespass notice without that limitation. The approving magistrate was therefore presented with a time-limited school-hours parking warning and an affidavit. Relationship proximity between approving Magistrate and Wagner family creates appearance concern when omission aligns Magistrate comparison. The approving Magistrate was Joanne

V. Kline. Defendant Kevin P. Wagner Sr. worked in Kline's court for decades as a Bucks County constable, and they are neighbors living within a two-minute walk of one another and are socially acquainted. Plaintiff John Jones Jr. sued Joanne V. Kline in the United States District Court for the Eastern District of Pennsylvania in 2015. For these reasons, Joanne V. Kline should have recused herself from the matter.  See Federal Court docket number 15-5594

6) Resulting probable cause deficiency. When the November 9 letter and December 11 affidavit are read together, the only written notice is temporally limited; the arrest occurred outside that temporal scope; the affidavit relies on the letter while omitting its limitation; the conclusion of trespass therefore lacks a valid notice predicate at that time. Accordingly, probable cause for trespass on December 11, 2021 is not established by the documents themselves.

7) Pleading-ready conclusion. The November 9, 2021 Neshaminy letter restricted parking on school property during school hours only and did not impose a blanket prohibition on presence outside those hours. Plaintiff's December 11, 2021 arrest occurred on a Saturday when school was not in session. The Middletown Affidavit of Probable Cause relied on the existence of the November 9 letter to establish notice yet omitted its express temporal limitation. Because the only written notice did not apply at the time of arrest, the affidavit lacked a valid notice predicate and did not establish probable cause for trespass.

Respectfully submitted,

John Jones Jr.



# Neshaminy School District

Administrative Offices ● 2250 Langhorne-Yardley Road ● Langhorne, PA 19047

*We Build Futures*

November 9, 2021

Mr. John Jones Jr.

Levittown PA 19057

Dear Mr. Jones,

It has been brought to my attention that you have been parking your vehicle on Walter Miller Elementary School Property during school hours. Please be advised that no one is permitted on the property except for school business during school hours.

Further incidents could result in you being subjected to criminal prosecution under Pennsylvania Title 18 Section 3503 (b)1i Defiant Trespass.

Thank you for your cooperation in this matter.

Sincerely,

Kevin Burns
Chief of Security
Neshaminy School District

c: Middletown Township Police
Troy Bodolus



# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number: | Complaint/Incident Number |
|---|---|---|---|
| CG318-21 | 12/13/21 | K 217288-0 | 44-21-01.903 |

| | First: | Middle: | Last: | |
|---|---|---|---|---|
| | JOHN | | JONES | JR |

## AFFIDAVIT OF PROBABLE CAUSE

Your Affiant, Officer Jeff Wagner, badge 44104, of the Middletown Township Police Department, Bucks County, Pa, has been duly sworn/appointed/employed as a police officer in the Commonwealth of Pa since June 2016. Your Affiant is a certified Police Officer in Pa by the Pa Municipal Police Officers Education and Training Commission. Your affiant is assigned to the Uniformed Patrol Division. Your affiant has successfully completed numerous training courses and seminars conducted by federal, state, and local law enforcement agencies, as well as private organizations, relating to a wide variety of criminal investigations.

On December 11th, 2021 at 1149 hours, your affiant responded to the Walter Miller Elementary School and made contact with the defendant, John Jones Jr who was trespassing on school property. Jones Jr was next to his Silver in color Chevrolet Pickup Truck bearing PA registration YJW-4924 which was parked on the grass baseball field.

When advised that he was trespassing, Jones Jr acknowledged that he received the trespassing letter from the school district which was delivered via certified mail. The letter was signed by Neshaminy School District Chief of Security Kevin Burns. Your affiant observed fresh tire marks from Jones Jr's truck on the grass baseball field.

Jones Jr was placed into custody and transported to the Middletown Township Police Department where he was processed and released.

Based upon the above factual circumstances, your affiant respectfully requests a summons be issued for John Jones Jr per the charges listed in the attached Criminal Complaint. Criminal Arrest 32024 was assigned to these charges.

I, **JEFFREY M WAGNER**, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this 15 day of Dec 2021

12-15-21 Date _____  Magisterial District Judge

My commission expires first Monday of January, 2026

SEAL

## POLICE CRIMINAL COMPLAINT — TARGETED ANALYSIS OF NOTICE AND PRIVILEGE ASSERTIONS

1. The Police Criminal Complaint asserts that the defendant was "not licensed or privileged to be in, remain or enter" school property. However, the Complaint relies upon prior notice from the Neshaminy School District as the basis for that assertion. The referenced notice describes restrictions framed around conduct occurring during school hours. The Complaint converts that conditional and time-specific restriction into a blanket prohibition without alleging that such expanded scope existed. The Complaint therefore extends its cited notice beyond the scope stated in the notice itself.

2. The Complaint states that the defendant had previously been notified by the school district regarding presence on school property. However, the Complaint does not allege that the notice applied at all times, that access outside school hours was prohibited, or that the property was closed at the time alleged. The Complaint omits the factual scope of the notice it relies upon. Without alleging the temporal or situational extent of the notice, the Complaint does not establish that the alleged conduct fell within the boundaries of the prior notification.

3. The Complaint states that the defendant was trespassing and lacked privilege. These are legal conclusions. The Complaint does not allege facts establishing revocation of privilege at the time alleged, such as property closure, a direct order to leave, posted prohibition applicable at that time, or a universal ban notice. The Complaint therefore replaces factual support with conclusory statements regarding trespass and privilege.

4. The Complaint's theory is that prior notice rendered the defendant's presence unauthorized. Because the Complaint cites the school district notice as the basis for that theory, the scope of the Complaint's assertion is limited by the scope of that notice. The Complaint does not allege that the notice applied outside school hours or to all presence on the property. The Complaint therefore advances a theory broader than the factual basis it identifies, creating an internal inconsistency within the Complaint itself.

5. The Complaint includes vehicle-based trespass allegations while relying on a notice source framed in terms of personal presence on school property. The Complaint does not allege that the prior notice addressed vehicle operation, parking on grounds, or presence on the property at the time alleged. The Complaint merges trespass concepts without alleging facts connecting the referenced notice to the specific conduct charged.

6. The Complaint lists the incident date and time but does not allege that the school was in session, that the property was restricted at that time, or that the area was closed or prohibited. Where trespass is alleged based on prior notice, the applicability of that notice at the time of the alleged conduct is essential. The Complaint does not state facts establishing that the prior notice applied at the time alleged.



District Judge Joanne Kline recently with Constable Kevin Wagner as she retired.

Credit:: Kevin Wagner

When Joanne Kline was appointed district judge in Bristol Township at 38, little did she know she was beginning a career that would span five elections and nearly 30 years.

# EXHIBT 1-PCC

## POLICE CRIMINAL COMPLAINT — TARGETED ANALYSIS OF NOTICE AND PRIVILEGE ASSERTIONS

1. The Police Criminal Complaint asserts that the defendant was "not licensed or privileged to be in, remain or enter" school property. However, the Complaint relies upon prior notice from the Neshaminy School District as the basis for that assertion. The referenced notice describes restrictions framed around conduct occurring during school hours. The Complaint converts that conditional and time-specific restriction into a blanket prohibition without alleging that such expanded scope existed. The Complaint therefore extends its cited notice beyond the scope stated in the notice itself.

2. The Complaint states that the defendant had previously been notified by the school district regarding presence on school property. However, the Complaint does not allege that the notice applied at all times, that access outside school hours was prohibited, or that the property was closed at the time alleged. The Complaint omits the factual scope of the notice it relies upon. Without alleging the temporal or situational extent of the notice, the Complaint does not establish that the alleged conduct fell within the boundaries of the prior notification.

3. The Complaint states that the defendant was trespassing and lacked privilege. These are legal conclusions. The Complaint does not allege facts establishing revocation of privilege at the time alleged, such as property closure, a direct order to leave, posted prohibition applicable at that time, or a universal ban notice. The Complaint therefore replaces factual support with conclusory statements regarding trespass and privilege.

4. The Complaint's theory is that prior notice rendered the defendant's presence unauthorized. Because the Complaint cites the school district notice as the basis for that theory, the scope of the Complaint's assertion is limited by the scope of that notice. The Complaint does not allege that the notice applied outside school hours or to all presence on the property. The Complaint therefore advances a theory broader than the factual basis it identifies, creating an internal inconsistency within the Complaint itself.

5. The Complaint includes vehicle-based trespass allegations while relying on a notice source framed in terms of personal presence on school property. The Complaint does not allege that the prior notice addressed vehicle operation, parking on grounds, or presence on the property at the time alleged. The Complaint merges trespass concepts without alleging facts connecting the referenced notice to the specific conduct charged.

6. The Complaint lists the incident date and time but does not allege that the school was in session, that the property was restricted at that time, or that the area was closed or prohibited. Where trespass is alleged based on prior notice, the applicability of that notice at the time of the alleged conduct is essential. The Complaint does not state facts establishing that the prior notice applied at the time alleged.

**Conclusion.** The Police Criminal Complaint asserts that the defendant lacked license or privilege to be on school property based on prior notice, yet the Complaint fails to state facts establishing that the referenced notice applied to the time, manner, or scope of the alleged conduct. The Complaint therefore substitutes legal conclusions for factual elements and expands the scope of its cited notice without alleging facts supporting that expansion.

Respectfully submitted,

John Jones Jr.

9 Iris Road

Levittown, PA 19057

| COMMONWEALTH OF PENNSYLVANIA COUNTY OF BUCKS | | **POLICE CRIMINAL COMPLAINT** |
|---|---|---|

**COMMONWEALTH OF PENNSYLVANIA**

**VS.**

Magisterial District Number: 07-1-08

MDJ: Hon. JOHN J. KELLY JR

Address: 2661 TRENTON RD LEVITTOWN, PA 19056

Telephone: 215-946-5450

**DEFENDANT:**            **(NAME and ADDRESS):**

| JOHN | | JONES | JR |
|---|---|---|---|
| First Name | Middle Name | Last Name | Gen |

9      IRIS RD

LEVITTOWN            PA            19057

### NCIC Extradition Code Type

- ☐ 1-Felony Full
- ☐ 2-Felony Ltd.
- ☐ 3-Felony Surrounding States
- ☐ 4-Felony No Ext
- ☐ 5-Felony Pend.
- ☐ 6-Felony Pend. Extradition Determ.
- ☐ A-Misdemeanor Full
- ☐ B-Misdemeanor Limited
- ☐ C-Misdemeanor Surrounding States
- ☒ D-Misdemeanor No Extradition
- ☐ E-Misdemeanor Pending
- ☐ F-Misdemeanor Pending Extradition Determ.
- ☐ Distance:

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number | Date Filed | OTN/LiveScan Number | Complaint/Incident Number | Request Lab Services? |
|---|---|---|---|---|
| CR-318-21 | 12/13/21 | R 2112 88-0 | 44-21-01903 | ☐ YES ☒ NO |

| GENDER | DOB 6/5/1961 | POB | | Add'l DOB | Co-Defendant(s) ☐ |
|---|---|---|---|---|---|
| ☒ Male | First Name | Middle Name | | Last Name | Gen. |
| ☐ Female | AKA | | | | |

**RACE**   ☒ White   ☐ Asian   ☐ Black   ☐ Native American   ☐ Unknown

**ETHNICITY**   ☐ Hispanic   ☒ Non-Hispanic   ☐ Unknown

**HAIR COLOR**
- ☐ GRY (Gray)
- ☐ BLK (Black)
- ☐ BLN (Blonde / Strawberry)
- ☐ RED (Red/Aubn.)
- ☐ ONG (Orange)
- ☐ SDY (Sandy)
- ☐ WHI (White)
- ☐ BLU (Blue)
- ☐ XXX (Unk/Bald)
- ☐ PLE (Purple)
- ☐ GRN (Green)
- ☒ BRO (Brown)
- ☐ PNK (Pink)

**EYE COLOR**
- ☐ BLK (Black)
- ☐ HAZ (Hazel)
- ☒ BLU (Blue)
- ☐ MAR (Maroon)
- ☐ BRO (Brown)
- ☐ PNK (Pink)
- ☐ GRN (Green)
- ☐ MUL (Multicolored)
- ☐ GRY (Gray)
- ☐ XXX (Unknown)

| DNA | ☐ YES ☒ NO | DNA Location | WEIGHT (lbs) |
|---|---|---|---|
| FBI Number | 5416710W7 | MNU Number | 220 |
| Defendant Fingerprinted | ☒ YES ☐ NO | | HEIGHT (in.) |
| Fingerprint Classification | | | 5   11 |

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. |
|---|---|---|---|---|---|---|---|
| YJW4924 | PA | ☐ | | ☐ | ☐ | | |
| VIN 1GCHK23235F698095 | Year 2005 | Make CHEV | Model SLV | | Style PK | Color | ☐ |

Office of the attorney for the Commonwealth   ☐ Approved   ☐ Disapproved Because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth Prior to filing. See Pa.R.Crim.P. 507).

(Name of the attorney for the Commonwealth) _____  (Signature of the attorney for the Commonwealth) _____  (Date) _____

I, **JEFFREY M WAGNER**            44626            44104
(Name of the Affiant)            PSP/MPOETC Assigned Affiant ID Number and Badge #

of **Middletown Township Police**            PA0090900
(Identify Department or Agency Represented and Political Subdivision)            (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. ☒ I accuse the above named defendant who lives at the address set forth above

   ☐ I accuse the defendant whose name is unknown to me but who is described as _____

   ☐ I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at (213) Middletown Township
   (Subdivision Code)      (Place-Political Subdivision)

   **10 S COBALT RIDGE DR   LEVITTOWN, PA 19056**

   in _____ BUCKS _____ County [ 09 ] on or about _____ Between 12/11/2021 1140 and 12/11/2021 1230
   (County Code)            (Offense Date)

AOPC 412A - Rev. 07/18            Page ___ of ___

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: | OTN/LiveScan Number | | Complaint/Incident Number |
|---|---|---|---|---|
| C2-318-21 | 8/13/21 | R211288-0 | | 44-21-01903 |

| Defendant Name: | First: JOHN | Middle: | Last: JONES | JR |
|---|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☒ | 1 | 3503 | B1I | of the | 18 | 1 | M3 | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) / Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

**Statute Description (Include the name of the statute or ordinance):**
**Def Tres Actual Communication Tc**

**Acts of the accused associated with this Offense:**

**The actor knowing that he was not licensed or privileged to do so, entered or remained in a place, namely, Walter Miller Elementary School, 10 Cobalt Ridge Drive S. Levittown PA 19056 as to which notice against trespass was given by actual communication to the actor, namely, a certified letter from the Neshaminy School District Chief of Security in violation of Section 3503(b)(1)(i) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa. C.S. -3503(b)(1)(i).**

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 | Number of Victims Age 60 or Older _____ |
|---|---|---|---|---|

| ☐ | 2 | 3717 | (a) | of the | PA Vehicle Code | 1 | S | | |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Code | UCR/NIBRS Code |

| PennDOT Data (If Applicable) / Accident Number | _____ | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

**Statute Description (Include the name of the statute or ordinance):**
**TRESPASS BY MOTOR VEHICLE**

**Acts of the accused associated with this Offense:**
**PAVC 3717(a) Trespass By Motor Vehicle**

**IN THAT, on or about the said date, THE DEFENDANT did knowingly operate a motor vehicle on real property other than a private road or driveway without consent of the owner of lessor of the real property, in violation of Section 3717(a) of the PA Vehicle Code. (75P.S. 3717(a) - Summary)**

*[signature]*

# EXHIBT 1-PCR

## BUCKS COUNTY PRISON CUSTODY REQUEST (11-FEB-2022) — DETENTION CONDITIONS AND CHARGE ESCALATION ANALYSIS

**1.** Plaintiff was arrested and incarcerated on February 3, 2022 on eight charges arising from the underlying incident involving the Wagner family. Bail on those eight charges was set at one million dollars ($1,000,000). The February 11, 2022 custody request was therefore authored during confinement based exclusively on the original eight-charge case. The terroristic-threats charge was not yet filed at that time.

**2.** The custody request records that intake personnel lost Plaintiff's eyeglasses, resulting in impaired vision and severe headaches. Plaintiff further documented that he had not been provided any telephone call or outside contact for approximately five days following incarceration. He also requested information regarding how to send certified letters from the prison. These written complaints establish contemporaneous documentation of medical deprivation, communication restriction, and legal-mail access limitations during early detention.

**3.** The written staff response on the custody form states that Plaintiff had no RIGHT to telephone access and that outside contact was limited to mail. This response confirms that telephone communication was unavailable and that Plaintiff's ability to communicate externally was restricted to written correspondence during the period documented. The response therefore corroborates Plaintiff's allegation of limited outside contact during incarceration.

**4.** Exactly forty-seven (47) days after Plaintiff's incarceration on February 3, 2022, an additional charge of terroristic threats was filed against Plaintiff by the constables involved in his transport to custody. That additional charge imposed an additional fifty-thousand-dollar ($50,000) bail requirement. The February 11, 2022 custody request predates that later charge and therefore documents detention conditions existing prior to the escalation of charges and bail.

**5.** Because the custody request demonstrates that Plaintiff was already experiencing communication restriction, medical impairment, and confinement-related harm during incarceration on the original eight charges, the later-filed terroristic-threats charge necessarily prolonged the same documented detention conditions. The additional bail requirement extended Plaintiff's confinement and thereby extended the harms contemporaneously recorded in the February 11, 2022 custody request.

**6.** The eight original charges resulting in Plaintiff's incarceration arose from allegations involving members of the Wagner family. Those charges produced the detention conditions documented in the custody request. The later-filed terroristic-threats charge extended the same incarceration. The documented harms recorded on February 11, 2022 therefore flowed from the prosecution initiated by Wagner-related allegations and were prolonged by the subsequent charge escalation within that same prosecution.

**Conclusion.** At the time of the February 11, 2022 Bucks County Prison custody request, Plaintiff was incarcerated solely on the original eight charges arising from the

Wagner-initiated prosecution. The custody document contemporaneously records medical deprivation, communication restriction, and confinement harm during that detention. Exactly forty-seven (47) days later, an additional terroristic-threats charge was filed and additional bail imposed, extending Plaintiff's incarceration. The detention harms documented in the February 11, 2022 custody request therefore pre-existed and were prolonged by the later-filed charge within the same prosecution that ultimately resulted in Plaintiff's acquittal on all counts.

## APPENDIX A — VERBATIM TRANSCRIPTION OF BUCKS COUNTY PRISON CUSTODY REQUEST (11-FEB-2022)

B.C.P. Number: 037584
Name: Jones, John
Module & Cell: B-21
Date: 11-FEB-22
Admission Date: 3-FEB-22

I would like to see: Ms. Reed, Deputy Warden

Request:
THE INTAKE PEOPLE LOST MY EYE GLASSES. I NEED GLASSES TO SEE REASONABLY. I AM EXPERIENCING SEVERE HEADACHES. HOW DO I SEND CERTIFIED LETTERS FROM THIS PRISON? I AM REQUESTING IN WRITING WHY I WAS NOT PROVIDED A PHONE CALL OR ACCESS TO ANY OUTSIDE CONTACT FOR A DURATION OF 5 DAYS. I DON'T BELIEVE THAT IS LEGAL TO ANYONE AS SUCH TO PROHIBIT OUTSIDE CONTACT.

Staff Response:
It appears you retained your glasses. Contact medical regarding headaches. See your case manager to send certified mail. You have no **RIGHT** to telephone access; that is only in the movies. You have the right to send and receive mail to be in contact with the outside world.

Respectfully submitted,

John Jones Jr.

9 Iris Road

Levittown, PA 19057

PLEASE SAVE ORIGINAL,
ALL SUBMITTED DOCUMENTS *for our own paperwork*
TO MY FILE FOR RETREVAL

**ALL INMATES FILL IN THIS SECTION**

B.C.P. Number

037584

Name (Last, First)

JONES, JOHN

Date

11-FEB-22

Module and Cell Number

B-21

Admission Date

3-FEB-22

I would like to see MS. REED, DUPUTY WARDEN

I need to see that staff person because THE INTAKE PEOPE LOST MY EYE GLASSES. I NEED GLASSES TO SEE REASONABLY. I AM EXPERIENCING SEVERE HEADACHES. HOW DO I SEND CERTIFIED LETTERS FROM THIS PRISON? I AM REQUESTING IN WRITING WHY I WAS NOT PROVIDED A PHONE CALL NOR ACCESS TO ANY OUTSIDE CONTACT FOR A DURATION OF 5 DAYS. I DON'T BELEIVE THAT IS LEGAL TO ANYOUE AS SUCH TO PROHIBIT OUTSIDE CONTACT. DO TO

Signature of Inmate

THANY YOU

Do Not Write Below This Line

Date request answered:

Answer: It appears you retained your glasses. Contact medical regarding headaches. See case manager to send certified mail. You have no RIGHT to telephone access, that is only in the movies. You have the right to send and recieve mail to be in contact with the outside world.

Referral Sent To:

Return To: _____ Module & Cell # _____

Signature of Staff Person _____

BCCF 194 REV. 10/04

# EXHIBIT 1-WL

# John Jones Jr.
## 9 Iris Rd. Levittown
## PA 19057

Matthew Weintraub                                    20-JAN-2022
Bucks County District Attorney                       Via Fax 215-348-6299
100N. Main St. 2nd Floor
Doylestown, PA 18901

Mr. Weintraub:

I don't want to burry the lead. How was Joanne Kline allowed to participate in my matters after I sued her in Federal Court, (case#15-5594)? She signed off on his paperwork which clearly states I was utilizing "public usage lands' on a Saturday around noon. She was required, as Kevin Wagner Sr. was, by your office to recuse herself from ALL of my matters, because she cannot act in an impartial manner due to my Federal Court filings. She now comes to the aid of her Wagner neighbors and long time friends and associates in violation of my rights and you allowed that Mathew? My case against her and others was just and had merit, (attached document dated MAY-3-2016) demonstrates such and my complaint had merit and was dismissed without prejudice because it had PLENTY of merit and I as a disabled person ran out of energy to peruse it.

There is a wonderful TV news interview with you in which you stated you do not believe in "coincidences". Was it a coincidence Jeffery Wagner chose and was permitted to arrest me on public usage lands, (Walter Miller elementary school property on a Saturday, when school is out of session, around noon) 11-DEC-2022 with the assistance of 4 other Middletown TWP police officers after I told Middletown Officer Beck 12 minutes earlier I was being harassed because of the Wagners? It's all on video.

Joanne Kline using her Judge status, even with the "Kevin Burns" Neshaminty school district letter in her possession, to aid and abed his and others illegal arrest actions even though I sued her in Federal Court case#15-5594 is heinous as well as "blatant" "Judicial Misconduct". There is no other judge I can think of that would misinterpret the letter, purposely forget how to read or stand by and aid these corrupt people. She is going to be sued again for this/that and I doubt she will be able to hide behind her Judge status due to this new incredibly blatant judicial misconduct in violation of my rights under Title 18, Section 242, Color of Law.

You should take immediate action against her for involving herself in this matter with her long time Wagner family friends and next residential street over Wagner neighbors.

Investigate why I was the only person in Bristol Township to have cars towed in a snowstorm, 3 actually costing me over $600.oo, allow me to be physically beaten to the point of a concussion (MRI documented) on 7-MAR-2021 without any charges against my assailant being made.

1

I provided video evidence to Bristol TWP police officer Theroff and have his mistreatment on video, sticking his face in my camera several times, and him admitting harassment did in fact occur yet took no action on my behalf against my attacker and Theroff told me to go and file my own charges. He had a duty and he chose to ignore it.

Bristol TWP police officer Stone refused to cite Edgely Pa. ex-fire chief Joseph Cavanaugh (misspelled probably) for harassment that I had on video and further told me how "Expensive" it would be for me to file on my own. That same officer Stone charged me with harassment with absolutely no evidence of any kind other than the word of a neighbor who interestingly has a son who lives in New Jersey and uses his parents address to maintain cheaper auto insurance, which I have reported to the police many times with no action taken because he is friends with numerous Police officers which I have well documented and memorialized on video as well. I would have been investigated and cited without a doubt in anyone of a learned minds opinion.

Those officer Stone charges as well as over 25 other charges against me have not held up in court. This multitude of citations and harassing treatment and ongoing harassment is illegal yet you do nothing to stop it. Why?

During my illegal arrest on 11-DEC-2022 I was so badly injured that I had to seek medical care, the recent MRI of both shoulders showed damage that is now above and beyond the capabilities of St. Mary's Orthopedic Department. Those Medical Practice Doctors replaced both of my hips and have done multiple surgeries on my shoulders in the past. if they cannot fix it it's very serious.

I've reached out to you as well as others in a position to take action and stop the mistreatment that has been perpetrated against me over a decade to no avail. The inactions of various agencies has given rise to even more blatant, dangerous and egregious mistreatment by Bristol and Middletown Townships. This inaction has culminated with the allowance of Middletown Police Officer Jeffery Wagner to enlist several other police officers and "Snatch me up from a field like a Jew in Nazi Germany". That's right, No probable cause, no Miranda rights, no return of my personal property, no consideration of my disability status causing grievous injuries and more.

I'll be reaching out to the Department of Justice for assistance with this matter now. You should intercede regarding my personal property as well as Joanne Klien's involvement to aid and protect the Wagner family and hinder prosecution of felony false arrest of me.

Included are some pictures of the police that arrested me. You can clearly see the office with gun drawn for a 60 year old disabled guy walking his service dog. Is that protocol, official policy or standard procedure Mr. Weintraub?

I look forward to you taking some sort of action against these people, however I suspect the only action taken by the county is to "Circle the Wagons" and take any and all steps (legal or not) to protect Jeffery Wagner from Felony False Arrest and False Imprisonment

2

Charges which could/should have already happened had he not been a Wagner family member. Hell, his police chief won't issue discipline because it's a career ending move to go against the Wagner family. Ask Bristol Police Officer Lt. Johnson why he had towed only my cars and the honest answer is to teach me a lesson about complaining about the Wagner family. That's the simple truth as well as all the other mistreatment of me in attributed to the same reason

Sincerely

John Jones Jr.

cc. Judge Jeffery L. Finely, Bucks County, PA.  Fax 215-348-6101
Michael Driscoll Special Agent in charge, Fort Washington, PA. Fax 215-641-6059
Bucks County District Attorney Matthew Weintraub. Fax 215-348-6299
Judge Daniel Baranoski, Penndel Borough, PA. Fax 267-885-1669
Judge Cynthia Rufe, United States Federal Courthouse, Phila, PA.
Special Agent in charge, FBI, Trenton, NJ. Fax 609-689-4944
PA State Representative, Tina Davis, Levittown, PA, Fax 267-580-2665
US Congressman, Brian Fitzpatrick, Langhorne PA, Fax 215-579-8109
Attorney General of PA., Josh Shapiro, Harrisburg, PA. Fax 717-787-8242
Governor Tom Wolf, Governor of PA., Harrisburg, PA. Fax 717-772-8284
Judge Michael W. Petucci, Newtown, PA. Fax 267-885-1677
Judge Terry Hughes, Levittown, PA Fax 215-885-1668
Judge Peranteau, Bristol, PA. Fax 215-785-0816
Philadelphia Inquirer, Editor Charlotte Sutton, 801 Market St. Phila, PA. 19107
New York Times, Editor Dean Baquet, 620 Eighth Av, NY, NY. 10018
Washington Post, Editor Sally Buzbee, 1301 K St. NW, Washington DC, 20071
Chicago Tribune, Editor Chrissy Taylor, 160 N. Stetson Av. Chicago IL. 60601
Wall Street Journal, Editor Matt Murray, 1211 Avenue of the Americas, NY, NY.
Los Angeles Times, Editor Kevin. Merida, 2300 E. Imperial Highway, El Segundo, CA. 90245

3

## WEINTRAUB LETTER - ANALYSIS

### 1. DOCUMENT IDENTITY AND NOTICE FUNCTION

This analysis concerns a three-page written communication authored by John Jones Jr. and addressed to Matthew D. Weintraub, District Attorney of Bucks County, Pennsylvania, dated 20-JAN-2022 and transmitted to the District Attorney's Office. The letter includes a distribution list reflecting contemporaneous notice to multiple judicial officers, federal law-enforcement leadership, elected officials, and media organizations. As presented, the letter functions as a documented notice communication directed to the county's chief prosecutorial policymaker and distributed to multiple oversight channels concerning alleged conflict structures and enforcement conduct described by the author.

### 2. SCOPE AND USE IN RECORD

The Weintraub letter identifies actors, asserts conflicts involving Joanne Kline and Wagner-associated individuals, alleges a pattern of retaliatory or unlawful enforcement conduct, references arrests, charges, and police actions, and requests intervention by the District Attorney. For filing use, the letter operates as date-certain notice to a county policymaker of alleged conflict structures and enforcement conduct connected to Wagner-related actors and associated officials.

### 3. RELATIONSHIP BETWEEN JOANNE KLINE AND KEVIN P. WAGNER SR. (CONFLICT CONTEXT)

The letter and associated context describe a longstanding personal and professional association between Judge Joanne Kline and Kevin P. Wagner Sr. Judge Kline is identified as residing on Gable Hill Road and Kevin P. Wagner Sr. on Gun Road in Levittown, Pennsylvania, within close walking distance, and the relationship is described as involving social familiarity. Kevin P. Wagner Sr. is described as having served for decades as a Bucks County Constable operating within the same magisterial district court in which Judge Kline presided. The convergence of proximity, social familiarity, and court-operational overlap is presented as creating an appearance of partiality and conflict in Wagner-related matters. Within a Monell framework, the letter places the county policymaker on notice of an asserted structural conflict environment tied to the complained-of enforcement conduct.

### 4. PRIOR LITIGATION AND RECUSAL ASSERTIONS (MONELL NOTICE)

The letter states that the author previously filed federal litigation against Joanne Kline identified as Case No. 15-5594 and asserts that the District Attorney's Office required both Joanne Kline and Kevin P. Wagner Sr. to recuse from matters involving the author. The letter

1

further asserts that notwithstanding this requirement, Kline continued to participate in matters affecting the author and Wagner-related parties. Within Monell analysis, this constitutes asserted notice to a final policymaker of a failure to enforce conflict safeguards and tolerance of conflicted involvement by a judicially affiliated actor connected to county enforcement personnel.

## 5. MONELL FRAMEWORK AND POLICYMAKER NOTICE

References to Monell in this analysis relate to policymaker notice, custom or pattern of conduct, deliberate indifference to alleged constitutional violations, and tolerance or ratification where corrective action is not taken after notice. The Weintraub letter is treated as a notice artifact because it was directed to the District Attorney and broadly distributed while asserting conflicts and enforcement conduct allegedly connected to Wagner-related actors.

## 6. PAGE 1, PARAGRAPH 1 - OPENING / AUTHORITY TARGETING

This paragraph elevates the complaint directly to the Bucks County District Attorney and frames the District Attorney as the proper authority to intervene in what the author describes as improper involvement and misconduct by local actors. The paragraph establishes direct policymaker notice and the author's request for District Attorney action regarding the alleged conduct described in the letter.

## 7. PAGE 1, PARAGRAPH 2 - KLINE PARTICIPATION AFTER FEDERAL LITIGATION

This paragraph asserts that Joanne Kline continued to participate in matters involving the author after the author filed federal litigation against her. The allegation is framed as improper involvement given the prior litigation and the asserted recusal requirement referenced in the letter. The paragraph places the policymaker on notice that a judicial officer allegedly subject to recusal constraints remained active in matters involving the author and Wagner-related parties, supporting an asserted failure to enforce recusal safeguards.

## 8. PAGE 1, PARAGRAPH 3 - CLAIMED RECUSAL OF KLINE AND WAGNER SR.

This paragraph asserts that the District Attorney's Office required both Joanne Kline and Kevin P. Wagner Sr. to recuse from matters involving the author. By identifying the policymaker's office as the source of the recusal requirement, the paragraph places the policymaker on notice of alleged continued violations of that requirement. Within Monell analysis, this supports a theory of deliberate indifference or tolerance where recusal safeguards were allegedly not enforced after notice.

2

## 9. PAGE 1, PARAGRAPH 4 - ALLEGED AID TO WAGNER-ASSOCIATED PERSONS

This paragraph asserts that Joanne Kline assisted Wagner neighbors and associates in matters affecting the author. The paragraph links the asserted judicial conflict to specific third-party beneficiaries and frames the issue as continuing rather than isolated. Within Monell analysis, this contributes to a claimed custom environment in which Wagner-connected individuals allegedly received favorable treatment in enforcement-related matters described in the letter.

## 10. PAGE 1, PARAGRAPH 5 - PATTERN FRAMING

This paragraph invokes a public statement attributed to the District Attorney concerning coincidence to frame the subsequent allegations as interconnected. The paragraph signals the author's assertion that the events described in the letter form a pattern rather than unrelated incidents. Within Monell analysis, this supports the author's systemic framing of enforcement conduct.

## 11. PAGE 1, PARAGRAPH 6 - ARREST EVENT DESCRIPTION

This paragraph asserts that Jeffery Wagner arrested the author on Walter Miller Elementary School property on a Saturday when school was not in session and characterizes the location as public usage land. The paragraph identifies a named law enforcement actor, specific location, and alleged improper enforcement context involving Wagner-related individuals. Within Monell analysis, it places the policymaker on notice of an asserted false or improper arrest involving a Wagner family member acting in a law enforcement capacity.

## 12. PAGE 1, PARAGRAPH 7 - PRE-ARREST HARASSMENT REPORT

This paragraph asserts that shortly before the arrest the author informed a Middletown officer identified as Beck that he was being harassed due to the Wagner family. The paragraph alleges contemporaneous reporting before the arrest occurred and frames the arrest as occurring after that warning. Within Monell analysis, it contributes to an asserted pattern in which enforcement proceeded despite alleged notice of harassment and conflict context.

## 13. PAGE 1, PARAGRAPH 8 - VIDEO ASSERTION IN LETTER

This paragraph states that the conduct described in the preceding allegations was captured on video made by the author. The statement is presented within the letter as reinforcing the asserted misconduct narrative and the claimed impropriety of enforcement actions described. Within Monell analysis, it signals that the author represented to the policymaker that his allegations were recorded events.

3

## 14. PAGE 2, PARAGRAPH 1 - KEVIN BURNS LETTER CONTEXT

This paragraph references a Kevin Burns letter and asserts that it was in Joanne Kline's possession and relevant to the events at issue. The paragraph frames the Burns letter as contradicting the basis for enforcement and supporting the author's asserted right to be present at the Walter Miller property. Within Monell analysis, it contributes to the asserted conflict environment described in the letter.

## 15. PAGE 2, PARAGRAPH 2 - SELECTIVE TOWING ALLEGATION

This paragraph asserts that the author's vehicles were towed in a snowstorm causing financial harm while others were not treated similarly. The paragraph frames the towing as discriminatory or retaliatory municipal action directed at the author. Within Monell analysis, it contributes to a pattern allegation in which municipal authority is asserted to have been applied selectively against the author in the enforcement environment described.

## 16. PAGE 2, PARAGRAPH 3 - ASSAULT AND NON-PROSECUTION CLAIM

This paragraph asserts that the author suffered an assault causing concussion and that the assailant was not charged. The paragraph frames this as unequal treatment in which alleged conduct against the author was not prosecuted while enforcement actions were taken against the author. Within Monell analysis, it contributes to a selective enforcement narrative supporting a custom or tolerance theory described in the letter.

## 17. PAGE 2, PARAGRAPH 4 - OFFICER REFUSAL AFTER VIDEO SHOWN

This paragraph asserts that a Bristol Township officer identified as Therroff was shown video made by the author and acknowledged harassment but declined to take official action and advised private filing. The paragraph alleges awareness by an officer followed by non-enforcement in the Wagner-related conflict context described in the letter. Within Monell analysis, repeated refusal to act after notice is framed as contributing to deliberate indifference or tolerance toward alleged misconduct affecting the author.

## 18. PAGE 2, PARAGRAPH 5 - REFUSAL TO CITE / LATER CHARGING

This paragraph asserts that an officer identified as Stone declined to cite an individual for harassment despite the author's allegations and later charged the author with harassment based on a neighbor's accusation. The paragraph frames this sequence as retaliatory and discriminatory enforcement conduct. Within Monell analysis, it supports a claimed custom in which complaints by the author were not acted upon while complaints against the author were pursued.

4

**19. PAGE 2, PARAGRAPH 6 - FAVORITISM / PROTECTION NETWORK ASSERTION**

This paragraph broadens the allegations into a claimed favoritism or protection network involving police relationships and ignored complaints. The paragraph articulates a systemic protection theory in which Wagner-associated individuals allegedly received favorable treatment in enforcement matters described in the letter. Within Monell analysis, it serves as the author's explicit articulation of custom and tolerance by authorities.

**20. PAGE 3, PARAGRAPH 1 - PATTERN OF CHARGES ASSERTION**

This paragraph asserts that numerous charges have been brought against the author and have not held up in court. The paragraph frames this as a pattern of improper or retaliatory charging within the Wagner-related conflict environment described in the letter. Within Monell analysis, repeated unsuccessful charges are asserted by the author as indicative of systemic misuse of process directed at him.

**21. PAGE 3, PARAGRAPH 2 - INJURY / MIRANDA / PROPERTY ASSERTIONS**

This paragraph asserts injury during arrest, Miranda-related issues, and property not returned following enforcement actions. The paragraph frames these as procedural and constitutional deprivations occurring during the enforcement conduct described in the letter. Within Monell analysis, repeated procedural irregularities after notice are asserted as supporting deliberate indifference or tolerance by authorities.

**22. PAGE 3, PARAGRAPH 3 - OUT-OF-COUNTY ESCALATION**

This paragraph asserts intent to contact federal authorities and frames the need as avoidance of county conflicts of interest. The paragraph documents the author's attempt to obtain review outside the local system regarding the Wagner-related enforcement conduct described. Within Monell analysis, it reinforces that the policymaker and oversight channels were notified of alleged conflicts and misconduct.

**23. PAGE 3, PARAGRAPH 4 - GUN DRAWN / SERVICE DOG CONTEXT**

This paragraph asserts that police drew a gun on a disabled individual walking with a service dog. The paragraph frames this as excessive or intimidating police conduct occurring within the enforcement context described in the letter. Within Monell analysis, it contributes to the author's asserted pattern of disproportionate enforcement against him despite disability context.

**24. PAGE 3 - DISTRIBUTION LIST (NOTICE MAP)**

5

The distribution list identifies multiple recipients across categories including judges, federal law enforcement leadership, elected officials, and media. The distribution demonstrates that, as of 20-JAN-2022, the author disseminated allegations of misconduct and conflict broadly to institutional actors. Within Monell analysis, this supports a record of policymaker and institutional notice of the asserted enforcement conduct and conflict structures described in the letter.

## 25. CONCLUSION

The Weintraub letter functions as date-certain notice to the Bucks County District Attorney and a broad set of oversight recipients of alleged conflict structures and retaliatory or unlawful enforcement conduct involving Wagner-related actors and associated officials as described by the author. The letter is appropriately used as a notice and chronology document describing the author's allegations and requests for intervention by a county policymaker.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

6



District Judge Joanne Kline recently with Constable Kevin Wagner as she retired.

Credit:: Kevin Wagner

When Joanne Kline was appointed district judge in Bristol Township at 38, little did she know she was beginning a career that would span five elections and nearly 30 years.



**UNITED STATES POSTAL SERVICE**®  |  **PRIORITY**® **MAIL**

ATTN. MR. GILL
CASE #
26-1050

2-COPIES ENCLOSED

**FLAT RATE ENVELOPE**

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

PRESS FIRMLY TO SEAL



PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**PRIORITY MAIL**

**UNITED STATES POSTAL SERVICE.**   *Retail*

**P** | US POSTAGE PAID
**$11.95** | Origin: 19030
02/26/26
4126420030-04

**PRIORITY MAIL®**

1 Lb 2.80 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 02/28/26

**C019**

SHIP TO:

601 MARKET ST
PHILADELPHIA PA 19106-1729

**USPS TRACKING® #**

9505 5139 1841 6057 4025 19

PS00001000014

X-RAY
USMS

RECEIVED
MAR 02 2026
U.S.C.A. 3rd

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER
POUCH

FROM:

JOHN JONES JR.
9 IRIS ROAD
LEVITTOWN, PA
19057

TO:

MR. S. GILL
CLERK OF COURT
U.S. COURTHOUSE
601 MARKET ST.
PHILADELPHIA, PA
19106

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. EP14F © U.S. Postal Service; October 2023; All rights reserved. Misuses may be a violation of federal law. This package is not for resale.

This package is made from post-consumer waste. Please recycle - again.