# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## John Jones Jr. v. Josh Shapiro et al.     No. 23-4879

## John Jones Jr. v. Kevin P. Wagner Sr. et al.     No. 26-1050

To the Clerk of Court:

I am submitting for the Court's awareness copies of materials that are being provided to Bucks County authorities and others.

These materials document ongoing and escalating issues involving Bristol Township and related individuals, including what I reasonably believe to be impending incarceration arising from parking-related citations for conduct that is routinely permitted for others. I believe such action would be undertaken in retaliation for my ongoing litigation and would have the effect of interfering with my ability to prosecute the above-referenced federal cases.

This submission is provided to place the Court on notice of these developments and the potential for interference with these proceedings.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

Bucks County Clerk of Courts
100 North Main Street
Doylestown, PA 18901

To the Clerk of Courts:

Bristol Township has cited me again for parking like others are permitted to park within the township. This is an ongoing issue and is most definitely retaliation for my federal and state suit against Bristol Township.

I have submitted evidence in the past to the Bucks County Court, particularly Wagner family members, including Jeffrey Wagner of 16 Gun Road and Kevin P. Wagner Sr. of 17 Gun Road in Levittown, Pennsylvania, parking vehicles on the lawn and grassy areas. That evidence resulted in me being exonerated of all code violations issued by Bristol Township numerous times in Bucks County Court. Corrupt local district justices, with the exception of a couple, always find me guilty as pure favoritism to the Wagner family, yet the county court system has not found me guilty for the same infractions. This is notable.

I do not understand why John Galloway is continually allowed to try to bring me into his courtroom when I am suing his brother, Brian, for conspiring with the corrupt Wagner family of Bristol Township to have my bail be $1 million, so much that I could not make bail, and my dog was killed while I was in prison as a result of the corrupt Wagner family allegations being supported by local police municipalities, as well as the Bucks County Court System.

That man should never be allowed to hear any of my cases, yet he keeps injecting himself due to the judicial immunity provided. Well, that does not cover his brother, and now he is retaliating and using his judicial position to do so.

I bring this to your attention because the killing of my dog while I was in prison was heinous. Dozens of police officers should lose their jobs. In Bucks County, that does not happen to corrupt cops. Simply refer to the Brian Reeves case, where he had hundreds of images of child pornography and did not spend a day in jail and was permitted to resign rather than be terminated. You can compare this to other cases; the disparity is apparent.

I can prove that the Wagner family members committed perjury at my trial on May 16th and 17th, 2024, and yet nothing has been done regarding investigating and charging them for those acts. Wagner family member Justin Eisenhower is a Bucks County Detective. The Bucks County Detectives will not investigate the perjury or other illegal acts of the Wagner family that I have exposed. Why is that?

I am bringing this matter to your attention because they intend to incarcerate me for parking as Wagner family members have. I am currently taking care of a friend's dog while she is in the hospital. I have no doubt these corrupt individuals will undoubtedly try to slay another dog to punish me for telling on the Wagner family and other law enforcement members, including the judiciary.

I bring this to your attention so that it constitutes notice. I am being mistreated again, and it is doubtful that anyone will lift a finger to rectify it. Now I have it documented to Bucks County authorities and the others noted as carbon copied.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

cc: Judge Jeffrey L. Finley, Bucks County, PA. Fax 215-348-6101
Judge W. H. Bateman, President Judge, Bucks County, PA. Fax 215-491-7638
Judges, United States Federal Courthouse, Philadelphia, PA.
Bucks County District Attorney Office, Bucks County, PA. Fax 215-348-6299
Judge Daniel Baranoski, Penndel Borough, PA. Fax 267-885-1669
Special Agent In Charge, FBI, Trenton, NJ. Fax 609-689-4944
PA State Representative, Tina Davis, Levittown, PA. Fax 267-580-2665
US Congressman, Brian Fitzpatrick, Langhorne, PA. Fax 215-579-8109
Attorney General of PA., Harrisburg, PA. Fax 717-787-8242
Governor of PA., Harrisburg, PA. Fax 717-772-8284

Bucks County Clerk of Courts
100 North Main Street
Doylestown, PA 18901

To the Clerk of Courts:

I am submitting the attached document titled "Bristol Township Selective Parking Enforcement and Retaliatory Treatment – Full Expanded Analysis" for your records.

This submission is not intended to be filed as an exhibit in Case No. 2025-07294, nor is it intended for consideration by the assigned judge in that matter. Rather, it is being provided solely as supporting documentation to place Bucks County authorities on notice of ongoing and newly arising issues involving alleged retaliatory treatment by Bristol Township in connection with my civil litigation.

Because this document is not being served on opposing parties in Case No. 2025-07294, I respectfully request that it not be docketed in that case or forwarded to chambers, in order to avoid any appearance of ex parte communication.

Thank you for your attention to this matter.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

Exhibit A – Bristol Township Selective Parking Enforcement and Retaliatory Treatment – Full Expanded Analysis

[Attached Exhibit Follows – Original Document Submitted Intact]

# IN THE COURT OF COMMON PLEAS
# OF BUCKS COUNTY, PENNSYLVANIA

### John Jones Jr., Plaintiff

### v.

### Thomas Mule et al., Defendants

### Case No.: 2025-07294

## Bristol Township Selective Parking Enforcement and Retaliatory Treatment
## Full Expanded Analysis

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

Bristol Township Selective Parking Enforcement and Retaliatory Treatment – Full
Expanded Analysis

This memorandum provides a full expanded analysis of Bristol Township's parking
enforcement practices, specifically addressing the selective and discriminatory enforcement of
ordinances prohibiting the parking of vehicles on grassy or unpaved areas of residential
property, and the mistreatment of John Jones Jr. in comparison to similarly situated
individuals.

I. Factual Background

Throughout Bristol Township, it is common and openly observable for residents to park
vehicles on grassy areas of their residential property without receiving citations. This practice
includes private citizens, township employees, police officers, and members of the judiciary.
Township-owned vehicles and police cruisers are frequently parked on lawns at private
residences without enforcement action.

Despite this widespread and tolerated practice, Bristol Township initiated enforcement actions
specifically against John Jones Jr. for parking a vehicle on a grassy area of his own property.
This enforcement occurred in the context of ongoing civil disputes and litigation involving
Bristol Township and its police department.

II. Selective Enforcement Analysis

Selective enforcement occurs when a law is enforced against one individual but not others who
are similarly situated, and where the enforcement is intentional, arbitrary, or based on an
unjustifiable standard such as retaliation. Here, the ordinance was not uniformly enforced
across the township.

The existence of numerous comparators—other residents, officials, and township employees
who engage in the same conduct without penalty—demonstrates that John Jones Jr. was treated
differently from others similarly situated.

III. Equal Protection – Class of One

Under the Pennsylvania Constitution, Article I, § 26, a 'class of one' claim arises where an
individual is
intentionally treated differently from others similarly situated and there is no rational basis for
the difference in treatment. The selective parking enforcement against John Jones Jr. satisfies
these elements.

No legitimate governmental interest explains why enforcement was directed solely at one
resident while identical conduct by others was ignored. The disparity supports an inference of
arbitrary and discriminatory intent.

IV. Retaliatory Motive

The timing of the citations, when viewed in conjunction with John Jones Jr.'s prior complaints,
litigation activity, and documented interactions with Bristol Township officials, supports an
inference of retaliation. Retaliatory enforcement is constitutionally impermissible.

Retaliation need not be explicitly stated. It may be inferred from circumstantial evidence, including selective targeting, escalation of enforcement, and deviation from customary non-enforcement practices.

V. Municipal Liability (Monell)

Bristol Township may be held liable where unconstitutional enforcement results from a municipal policy, custom, or practice. The longstanding tolerance of parking on grassy areas, combined with selective enforcement against a single resident, evidences an informal custom applied discriminatorily.

Municipal liability is further supported where enforcement decisions are ratified by supervisors or reflect deliberate indifference to rights secured by the Pennsylvania Constitution.

VI. Evidentiary Support

Photographs documenting vehicles parked on grassy areas throughout Bristol Township, including those belonging to officials and employees, constitute direct comparator evidence. Testimony and records regarding enforcement history further corroborate selective treatment. The absence of citations issued to similarly situated individuals reinforces the conclusion that enforcement against John Jones Jr. was exceptional and improper.

VII. Legal Relevance to Pending Actions

These facts are directly relevant to pending civil actions in both state and federal court, including claims under 42 U.S.C. § 1983, Equal Protection violations, retaliation, and municipal liability. They also undermine the credibility of Bristol Township's asserted enforcement rationale.

VIII. Conclusion

The selective parking enforcement directed at John Jones Jr. represents unequal treatment, retaliation, and a departure from customary practice. When supported by photographic and testimonial evidence, these facts establish substantial constitutional and civil rights concerns.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr., Plaintiff
v.
Josh Shapiro et al., Defendants

**Civil Action No. 23-4879**
Judge Karen Spencer Marston

## Bristol Township Selective Parking Enforcement and Retaliatory Treatment
Full Expanded Analysis

Respectfully submitted,

---

John Jones Jr.
9 Iris Road
Levittown, PA 19057

**Bristol Township Selective Parking Enforcement and Retaliatory Treatment – Full Expanded Analysis**

This memorandum provides a full expanded analysis of Bristol Township's parking enforcement practices, specifically addressing the selective and discriminatory enforcement of ordinances prohibiting the parking of vehicles on grassy or unpaved areas of residential property, and the mistreatment of John Jones Jr. in comparison to similarly situated individuals.

## I. Factual Background

Throughout Bristol Township, it is common and openly observable for residents to park vehicles on grassy areas of their residential property without receiving citations. This practice includes private citizens, township employees, police officers, and members of the judiciary. Township-owned vehicles and police cruisers are frequently parked on lawns at private residences without enforcement action.

Despite this widespread and tolerated practice, Bristol Township initiated enforcement actions specifically against John Jones Jr. for parking a vehicle on a grassy area of his own property. This enforcement occurred in the context of ongoing civil disputes and litigation involving Bristol Township and its police department.

## II. Selective Enforcement Analysis

Selective enforcement occurs when a law is enforced against one individual but not others who are similarly situated, and where the enforcement is intentional, arbitrary, or based on an unjustifiable standard such as retaliation. Here, the ordinance was not uniformly enforced across the township.

The existence of numerous comparators—other residents, officials, and township employees who engage in the same conduct without penalty—demonstrates that John Jones Jr. was treated differently from others similarly situated.

## III. Equal Protection – Class of One

Under the Equal Protection Clause, a 'class of one' claim arises where an individual is intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. The selective parking enforcement against John Jones Jr. satisfies these elements.

No legitimate governmental interest explains why enforcement was directed solely at one resident while identical conduct by others was ignored. The disparity supports an inference of arbitrary and discriminatory intent.

## IV. Retaliatory Motive

The timing of the citations, when viewed in conjunction with John Jones Jr.'s prior complaints, litigation activity, and documented interactions with Bristol Township officials, supports an inference of retaliation. Retaliatory enforcement is constitutionally impermissible.

Retaliation need not be explicitly stated. It may be inferred from circumstantial evidence, including selective targeting, escalation of enforcement, and deviation from customary non-enforcement practices.

## V. Municipal Liability (Monell)

Bristol Township may be held liable where unconstitutional enforcement results from a municipal policy, custom, or practice. The longstanding tolerance of parking on grassy areas, combined with selective enforcement against a single resident, evidences an informal custom applied discriminatorily.

Municipal liability is further supported where enforcement decisions are ratified by supervisors or reflect deliberate indifference to constitutional rights.

## VI. Evidentiary Support

Photographs documenting vehicles parked on grassy areas throughout Bristol Township, including those belonging to officials and employees, constitute direct comparator evidence. Testimony and records regarding enforcement history further corroborate selective treatment.

The absence of citations issued to similarly situated individuals reinforces the conclusion that enforcement against John Jones Jr. was exceptional and improper.

## VII. Legal Relevance to Pending Actions

These facts are directly relevant to pending civil actions in both state and federal court, including claims under 42 U.S.C. § 1983, Equal Protection violations, retaliation, and municipal liability. They also undermine the credibility of Bristol Township's asserted enforcement rationale.

## VIII. Conclusion

The selective parking enforcement directed at John Jones Jr. represents unequal treatment, retaliation, and a departure from customary practice. When supported by photographic and testimonial evidence, these facts establish substantial constitutional and civil rights concerns.

Respectfully submitted,

John Jones Jr.
9 Iris Road
Levittown, PA 19057

Retail

U.S. POSTAGE PAID
FCM LETTER
FAIRLESS HILLS, PA 19030
APR 08, 2026

19106

**$1.07**

RDC 99

S2324D503226-04

FEDERAL COURTHOUSE
CLERK OF COURT
1 MARKET ST,
PHILADELPHIA, PA
19106

9 IRIS RD
LEVITTOWN, PA
19057

**RECEIVED**

APR 10 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA