RECEIVED
MAY 0 4 2026
U.S.C.A. 3rd CIRCUIT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

John Jones Jr., Plaintiff
v.
Kevin P. Wagner Sr. et al., Defendants
Civil Action No.: 26-1050

MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE

Plaintiff, John Jones Jr., respectfully moves this Court for an extension of time to complete service of process, and in support thereof states as follows:

1. The Court has directed that returns of service be filed by May 15, 2026.
2. Plaintiff did not receive the Court's Order until May 2, 2026, despite the Order being entered on April 29, 2026.
3. Plaintiff has made repeated, documented efforts to effectuate service through the Bucks County Sheriff's Office.
4. The Sheriff's Office has imposed substantially increased and inconsistent service fees, nearly double the cost previously charged for comparable service.
5. Plaintiff has submitted service packets to the Sheriff's Office on three separate occasions, each time attempting to comply with the requirements communicated by that office.
6. Despite these efforts, service has not been completed.
7. The Sheriff's Office has failed to respond to repeated telephone calls. Plaintiff possesses video recordings demonstrating calls ringing without answer and, on at least one occasion, reaching voicemail without any return communication.
8. The last direct communication from the Sheriff's Office occurred on April 16, 2026, when Sergeant Parker contacted Plaintiff.
9. On that same date, Plaintiff promptly sent an additional $135.00 in the form of a United States Postal Service money order in further attempt to comply with the Sheriff's Office requirements.
10. Due to the lack of response from the Bucks County Sheriff's Office to Plaintiff's letters and telephone calls, Plaintiff presently has no reliable way to determine which Defendants, if any, have been served.
11. Despite Plaintiff's diligent and repeated efforts, the circumstances described above have prevented completion of service within the time currently set by the Court.
12. Plaintiff has acted in good faith and has exercised reasonable diligence at all times.
13. Plaintiff has acted promptly upon receipt of the Court's Order, but the limited time remaining, combined with the service issues described herein, makes compliance impracticable without an extension.
14. Plaintiff therefore requests an additional ninety (90) days to complete service.

ADDITIONAL SERVICE-RELATED FACTS

15. Included is a handwritten note from the Bucks County Sheriff's Office that was handed directly to Plaintiff stating that the summons is charged as a separate document.
16. This has not occurred in the past.
17. The fee schedule has not changed, even though the Sheriff has changed due to election.
18. Plaintiff contends that this newly imposed fee is unfair and has, at a minimum, created a timing hindrance as well as inordinate delays of service and unexpected and unexplained cost increases.
19. Congressman Brian Fitzpatrick and numerous other defendants in civil action 23-4879 were previously served for $40.00.
20. In the present matter, civil action 26-1050, Bucks County has charged Plaintiff $75.00 to serve Kevin P. Wagner Sr. and other Defendants in this case.

21. Included are letters sent by Plaintiff to the Bucks County Sheriff regarding these matters, which were never responded to.

SUPPORTING FACTUAL CONTEXT

22. Included with this motion are police records and trial transcript pages demonstrating material inconsistencies in statements made by Middletown Township Police Officer Jeffrey Wagner.

23. The Affidavit of Probable Cause and Bristol Township Police investigative report both state that Officer Jeffrey Wagner was advised by Officer John Beck that Plaintiff was trespassing on Walter Miller Elementary School property.

24. However, Officer John Beck is on video, dated December 11, 2021, stating to Plaintiff, "you're good," and further stating, "If I find you here during school hours I'm going to cite you." This video evidence was known to Bucks County authorities and prosecutors, and they had a reasonable means of viewing it as it was posted on various websites under the Plaintiff's name, all of which was well known to the authorities long before the Plaintiff's trial, which ended in a full acquittal of all nine charges against the Plaintiff, including the trespassing charges.

25. At trial, Officer Jeffrey Wagner testified that he received information over the radio from a "floater" car regarding a suspicious vehicle on Walter Miller Elementary School property. This testimony made it appear as though he encountered Plaintiff by happenstance. However, the Bristol Township Affidavit of Probable Cause and the Bristol Township incident report state that Officer Wagner had been informed by Officer Beck of the identity of the individual on Walter Miller Elementary School property.

26. These statements are directly inconsistent with one another.

27. The record therefore reflects that Officer Jeffrey Wagner provided conflicting accounts regarding the basis for Plaintiff's alleged trespass.

28. The Bucks County District Attorney's Office and the Pennsylvania Office of Attorney General were in possession of the charging documents referenced herein, including the Affidavit of Probable Cause and the Bristol Township incident report, which have been part of the record since February 3, 2022 and continued through May 17, 2024.

29. Those charging documents explicitly state that Officer Beck advised Officer Wagner that Plaintiff was trespassing on Walter Miller Elementary School property. That written account is directly contradicted by Officer Beck's own recorded statements to Plaintiff: "you're good," and "If I find you here during school hours I'm going to cite you."

30. Plaintiff further placed these matters on record through civil action 23-4879 on or about December 10, 2023, thereby providing additional notice to prosecutors and other officials of the existence of both the charging documents and the contradictory video evidence.

31. Despite possession of these records and notice of the conflicting evidence, no corrective or adverse action was taken.

32. The record reflects that the Bucks County District Attorney's Office and the Pennsylvania Office of Attorney General were aware of the conflicting accounts and took no action with respect to the testimony presented at trial.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:
1. Grant an extension of ninety (90) days to complete service of process; and
2. Grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

John Jones Jr.

9 Iris Road
Levittown, PA 19057

NOTICE REGARDING SERVICE OF THIS MOTION

Plaintiff states that, due to the lack of response from the Bucks County Sheriff's Office and the resulting inability to determine which Defendants have been served, this motion is being submitted to the Court without service upon Defendants at this time. This filing is not intended to constitute ex parte communication in any way, shape, or form, but is necessitated by the uncertainty created by the Sheriff's Office regarding service status.

Bucks County Sheriff Daniel R. Sessler
100 North Main Street
Doylestown, PA 18901

Dear Sheriff Sessler:

I am writing regarding a recent telephone communication I received from Sergeant Parker concerning an additional fee of $135 purportedly required for service in a "federal civil action."

I formally object to this additional charge.

In prior, materially identical circumstances, the Bucks County Sheriff's Office has accepted and executed service for multiple defendants in federal civil matters under the established fee structure of $140 for the first defendant and $40 for each additional defendant. I have personally paid such fees in the past for service involving multiple parties without any supplemental or "federal" surcharge being imposed.

The current demand for an additional $135 appears inconsistent with that established practice and, to date, has not been supported by any identified statute, rule, or formally adopted fee schedule. A federal summons is not a separate or optional document—it is an integral component of service under Federal Rule of Civil Procedure 4(c)(1). Treating it as a separately billable item is therefore procedurally questionable and inconsistent with prior handling by your office.

Accordingly, I request the following:

1. Identification of the specific statute, rule, or officially adopted fee schedule authorizing this additional $135 charge for federal civil service;
2. Clarification as to why this fee was not assessed in prior comparable federal service requests processed by your office;
3. Confirmation of whether this represents a newly implemented policy, and if so, the date of implementation and the authority under which it was enacted.

This issue directly impacts my ability to effect timely service in a pending federal matter. If this additional charge is not supported by a clear legal basis, it may constitute an improper barrier to service. In that event, I will be compelled to place this issue before the Court as part of the record concerning service-related delays and associated administrative obstacles.

I am prepared to proceed promptly upon receipt of clarification. However, absent a clear and documented basis for the additional charge, I must maintain my objection and reserve all rights with respect to further action.

I am remitting the $135 solely to avoid further delay in service, and I do so under explicit protest and without waiver of any objection, claim, or right to challenge the propriety of this fee.

Sincerely,

16-APR-26

John Jones Jr.
9 Iris Road
Levittown, PA 19057

Cc: Sergeant Parker
United States District Court, E.D. Pa. – Case No. 26-1050

# EXHIBITS

Exhibit A – Handwritten Sheriff Fee Note

Exhibit B – Sheriff Rejection Letter ($745 Fee Notice)

Exhibit C – Prior Service 23-4879 Fitzpatrick, Current Service 26-1050 Wagner

Exhibit D – Completed Sheriff Return

Plaintiff has attached documentary evidence demonstrating prior successful service at substantially lower cost, as well as recent communications from the Bucks County Sheriff's Office imposing increased and inconsistent fees.

# EXHIBIT A

Handwritten Sheriff Fee Note

This document reflects a handwritten fee breakdown provided by the Bucks County Sheriff's Office, demonstrating that summons fees are being charged separately.

7 Defts    350.
Summons    245.
—————
595.

# EXHIBIT B

Sheriff Rejection Letter ($745 Fee Notice)

This document reflects the Bucks County Sheriff's Office rejection of Plaintiff's service request, stating that the correct fee is $745.00 and requiring resubmission.

# BUCKS COUNTY SHERIFF'S OFFICE ──────────────

**Daniel L Ceisler, Sheriff**



**Bucks County Justice Center
100 North Main Street, Floor B2
Doylestown, PA 18901
Phone - (215) 348-6285
Fax - (215) 348-6362**

March 12, 2026

Your paperwork is being returned for the following reason from the Civil Department:

✓    **Fee is incorrect. Correct fee is $745.00. Please allow 10 working days to serve in Bucks County, 15 days to Deputize to another County in Pa. Please reinstate and return if need be. (Service of Summons & Complaint on 9 Defendants)**

☐    Fee is missing.

☐    Not enough time to serve. Please reinstate and return. Please allow 10 working days to serve in Bucks County, 15 days to Deputize to another County in Pa.

☐    Paper has expired. Please reinstate.

☐    Address is not in Bucks County.

☐    We do not serve P.O. Boxes.

☐    Paper must be deputized through _____ County. Allow 10 working days to serve in Bucks County. Please reinstate and return if need be.

☐    No Prothonotary date stamp. Paper needs to be reinstated. Please allow 10 working days to serve in Bucks County, 15 days to Deputize to another County in PA.

☐    Check not signed.

☐    Other

Thank you for your cooperation with the above matter.

# EXHIBIT C

## Comparison of Bucks County Sheriff's Office Order for Service Documents

The attached documents are submitted together as Exhibit C for direct comparison. Both documents consist of Bucks County Sheriff's Office 'Order for Service' forms. These documents are materially identical in format and substance, demonstrating that no changes were made to the underlying Order for Service process.

This comparison is provided to show that the procedures and documentation used by the Sheriff's Office remain unchanged, despite the imposition of new and increased service fees.



# Bucks County Sheriff's Office

## Order For Service

FEDERAL
CIVIL ACTION
~~NOTIFY NO.~~ 23-4879

[ ] WRIT    [ ] COMPLAINT

[ ] DIVORCE    [X] OTHER

**FROM:**

JOHN JONES JR.

pro-se    Plaintiff

VS.

BRIAN FITZPATRICK

Defendant

**SERVE AT:** (must include Apt. Number and Apt. Bldg. Number)

**STREET ADDRESS:** 1717 LANGHORNE NEWTOWN ROAD

**CITY, STATE & ZIP CODE** SUITE 225 LANGHORNE, PA 19047

**SPECIAL INSTRUCTIONS:**

CV-2010

MY COPIES



# Bucks County Sheriff's Office

## Order For Service

FROM:

FEDERAL
CIVIL ACTION
26-1050

[ ] WRIT     [ ] COMPLAINT

[ ] DIVORCE  [X] OTHER

**FROM:**

**John Jones Jr., Pro Se Plaintiff**

Plaintiff

VS.

**TO: (Defendant's name and address)**
Defendant Name:
Kevin P. Wagner Sr.

Defendant

SERVE AT:  (must include Apt. Number and Apt. Bldg. Number)

STREET ADDRESS:

CITY, STATE & ZIP CODE

Address:
16 Gun Road
Levittown, PA 19057

SPECIAL INSTRUCTIONS:

CV-2010

# EXHIBIT D

Completed Sheriff Return

This document reflects prior successful service completed by the Bucks County Sheriff's Office, demonstrating that service was previously executed without the increased and separate fees now being imposed.

# BUCKS SHERIFF'S RETURN

Case #:     **2025-92732**
Commenced: **9/17/2025**
Caption:     **JONES JR, JOHN**
          **vs.**
          **FITZPATRICK, BRIAN**

## SERVICE REQUEST

Request #:       **66191 (1 of 3)**
Request Type:    **Civil Notice   SUMMONS**
Entered:         **9/18/2025 by COB\jlsommers**
Requested By:    **JOHN JONES JR**
                  **UNKNOWN**

Special Instructions:
Service To:       **BRIAN FITZPATRICK**

Zone:         **3**
Address:     **1717 LANGHORNE NEWTOWN ROAD**
              **STE 225**
              **LANGHORNE, PA 19047**
Municipality: **Middletown TOWNSHIP**

       **Pick Up** on 9/18/2025 1:42 PM by deputy **Deputy James McCole**

       **Served** on 9/18/2025 1:42 PM by deputy **Deputy James McCole**

- **Person in Charge of Business (A)(2)(iii)**

Served To: **ALEX MAURO**
Witness: **N/A**
Note: **SERVICE ACCEPTED FOR DEFENDANT AT ADDRESS PROVIDED**

MY COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### 601 Market Street
### Philadelphia, PA 19106

## PLAINTIFF'S NOTICE OF SHERIFF FEE DISCREPANCY AND RESULTING SERVICE DELAY

To the Clerk of Court:

Plaintiff, John Jones Jr., pro se, respectfully provides notice to this Honorable Court of a material discrepancy in the application of civil service fees by the Bucks County Sheriff's Office, which has directly impacted Plaintiff's ability to effect timely service in Civil Action No. 26-1050.

Plaintiff submitted service requests for five (5) defendants through the Bucks County Sheriff's Office and remitted payment in the amount of $270.00. This payment precisely corresponds to the Bucks County Sheriff's published civil fee schedule for in-county service, calculated as $110 for the first defendant and $40 for each additional defendant, totaling $270.00 for five defendants.

The Sheriff's Office accepted the submission and issued a receipt for the $270.00 payment. Thereafter, however, the Sheriff's Office returned the service materials and asserted that the "correct" fee for service was $745.00 for a total of nine defendants, without providing a calculation or explanation consistent with the published fee schedule.

Applying the same published fee schedule to nine defendants yields a total of $430.00, not $745.00. The demanded amount therefore does not correspond to the Sheriff's own publicly stated fee structure.

Additionally, Plaintiff notes that service of federal complaints upon Bucks County judicial officers Wallace Bateman and Jeffrey L. Finley was effectuated through the same Sheriff's Office in connection with Civil Action No. 23-4879 during the prior year, without the imposition of any comparable or elevated fee demand, a fact that is readily verifiable through the Sheriff's own service records. This further reflects inconsistency in the application of the fee schedule.

As a result, Plaintiff—having relied in good faith on the Sheriff's published fee schedule and intake process—has experienced delay in effectuating service in Civil Action No. 26-1050 that is not attributable to any lack of diligence or compliance by

Plaintiff, but rather to an apparent inconsistency in the administration and application of service fees.

Plaintiff provides this Notice, along with supporting documentation, to ensure the record accurately reflects that any delay in service in this matter arises from administrative irregularities outside Plaintiff's control, despite Plaintiff's good-faith efforts to comply with all procedural requirements.

John Jones Jr.
9 Iris Road
Levittown, PA 19057

# EXHIBIT E

Affidavit of Probable Cause (Docket No. 22-01877-11731), Bristol Township
Police Incident Report (Incident No. 22-01877), and Trial Testimony (May 16,
2024 – pp. 90–91)

These documents are submitted together to demonstrate material inconsistencies
between sworn police records and sworn trial testimony. The Affidavit of
Probable Cause and Bristol Township Police Incident Report state that Officer
Beck observed John Jones trespassing on Walter Miller Elementary School
property, while the trial testimony of Officer Jeffrey Wagner describes a different
basis for the encounter.

This evidence is provided to show that these inconsistencies were known or
readily discoverable by law enforcement and prosecuting authorities, yet no
corrective action was taken.

**POLICE CRIMINAL COMPLAINT**

| Docket Number: CR-15-2+ | Date Filed: 02/03/2022 | OTN/LiveScan Number R 236 202-1 | | Complaint/Incident Number 22-01877-11731 |
|---|---|---|---|---|
| Defendant Name | First: JOHN | Middle: | Last: JONES | JR |

## AFFIDAVIT OF PROBABLE CAUSE

Your Honor, your affiant is Officer Jason Mancuso, a Seventeen year veteran of the Bristol Township Police Department. I was assigned by Lt. Johnson to investigate an ongoing course of conduct committed by the defendant John Jones in regards to several township residents and their safety concerns

On 02-02-2022 at 1100 hours I met with Kevin Wagner. He advised me that he has been filing complaints with Bucks County Court administration about John Jones. Kevin Wagner reported that he has spoken to the Chief of Bucks County Detectives and was advised Bristol Township could handle the investigation and the County would assist if requested.

Kevin Wagner informed that prior to him assuming his position he was a constable in Court 07-1-03. Joanne Kline was the sitting judge. She ruled on several cases against John Jones. Upon her retirement Wagner set the fines and Jones appealed to the Court of Common Please. Since this time John Jones has been driving by Kevin Wagner's home located at 16 Gun Road. Kevin Wagner noticed Jones filming his home and the home of his son Jeffrey who lives directly across the street at 17 Gun Road. This behavior has continued and is causing Kevin Wagner to become increasingly alarmed.

Jeffrey Wagner arrested John Jones in Middletown Township for trespassing on 12-11-2021. This arrest occurred while Officer Jeff Wagner was on routine patrol assigned to the patrol division of Middletown Township Police Department. Officer Jeffrey Wagner has been employed with Middletown since 06-16-2016. Officer Wagner was notified by Officer Beck that Beck observed John Jones trespassing on Walter Miller Baseball fields. These fields are owned and controlled by Neshaminy School District. Wagner was assigned to handle the sector. Sgt. Lubold arrived and it was determined that Officer Wagner would handle the arrest. Officer Jeffrey Wagner was unfamiliar with John Jones at the time of the arrest. There is a letter on file with the Neshaminy Security Director Kevin Burns. This letter was on file prior to the incident and a certified mail copy was sent to John Jones advising him he was not welcome on their property.

John Jones has provided photos to Court 07-1-08 CCA Melanie Chesko in person of Kevin Wagner's home, Jeffrey Wagner's home and the home of Andy Korhonen which is located at 56 Gable Hill Rd. Andrew Korhonen is a deputy constable and the step father of Jeffrey Wagner's fiancee, Alexus Gordon. Korhonen reports when interviewed that Jones has been coming by his house filming him several times a week for the last three months..

On 01-29-2022 at 1656 hour John Jones arrived at 56 Gable Hill Road and began to film Andrew Korhonen and his family to include two grandchildren ages 2 and 4. Korhonen confronted Jones about his continued filming of him and his family. During the conversation Jones became agitated and began to yell at Korhonen and continued to film the juvenile children. Audio and video of this incident was captured on Korhonen's Ring Door bell. Alexus Gordon was present at the time of this incident at 56 Gable Hill Road. Jones yells and curses at Korhonen and Alexus Gordon in the presence of the juvenile children.

Andrew Korhonen reports that the behavior of John Jones is escalating and he is suffering emotional distress from the constant continued course of conduct Jones is partaking in.

Jeffrey Wagner was interviewed and advised that he filed an official report with his Police apartment regarding the actions of Mr. Jones. Captain Feeney of the Middletown Township Police was

AOPC 411C - Rev. 07/18

Page 5 of 6



**POLICE CRIMINAL COMPLAINT**

AFFIDAVIT CONTINUATION PAGE

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| CR-15-22 | 02/03/2022 | R236202-1 | 22-01877-11731 |

| Defendant Name: | First: | Middle: | Last: | |
|---|---|---|---|---|
| | JOHN | | JONES | JR |

## AFFIDAVIT OF PROBABLE CAUSE CONTINUATION

informed of this investigation and advised all documents could be provided to me. Jeffrey Wagner is concerned and feels that his father, Fiancee, and future father in law's safety may be in jeopardy due to him performing his duty in a legal capacity as a Middletown Police Officer. Jeffrey Wagner reports that he is distressed to leave his fiancee alone while he leaves for work. Jeffrey Wagner informed that Jones' behavior is escalating and he just wants his family and self to be left alone. Jeffrey Wagner reports that he is emotionally distressed and it is affecting his duties as a police officer. Jeffrey Wagner has sought counseling with his Chief of Police, Joseph Bartarillo.

Alexus Gordon witnessed the incident on 56 Gable Hill Road. She used to reside at the home and it is the home of her step father and mother, Cindy Gordon. Alexus now resides at 17 Gun Road with Jeffrey Wagner. Alexus is extremely upset after hearing Jones speak about her fiancee. Jones then said your daughter is marrying Jeffrey Wagner. Alexus Gordon does not know how Jones obtain this information about her and she fears for her safety. Gordon is severely afraid to be home alone and is now carrying a firearm to complete simple tasks like walking the her dog or going outside. Alexus Gordon never carried a firearm prior to Jones starting his course of conduct. Gordon fears Jones may cause physical harm to her or Jeffrey Wagner.

Your Honor, Based on the above listed facts, your affiant is requesting a warrant be issued for the specified charges filed on the defendant.

I, **JASON MANCUSO**, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_____ #735 R0342352
(Signature of Affiant)

Sworn to me and subscribed before me this __3__ day of __February__ __2022__

__2/3/22__ Date _____ Magisterial District Judge

My commission expires first Monday of January, 2028

AOPC 411C - Rev. 07/18

Page 6 of 6

## Bristol Township Police
## Incident Report Form

22-01877
02/01/2022
**Harassing Conduct**

**ASSIGNMENT:**

On 02-01-2022 at 1500 hours, Lt. Ralph Johnson assigned me to investigate a stalking report of Judge Kevin Wagner and his son, Middletown Police Officer Jeffrey Wagner.

**INFORMATION:**

On 02-02-2022 at 1100 hours I met with Kevin Wagner. He advised me that he has been filing complaints with Bucks County Court administration about John Jones. Kevin Wagner reported that he has spoken to the Chief of Bucks County Detectives and was advised Bristol Township could handle the investigation and the County would assist if requested.

Kevin Wagner informed that prior to him assuming his position he was a constable in Court 07-1-03. Joanne Kline was the sitting judge. She ruled on several cases against John Jones. Upon her retirement Wagner set the fines and Jones appealed to the Court of Common Please. Since this time John Jones has been driving by Kevin Wagner's home located at ▇▇▇▇▇▇ Kevin Wagner noticed Jones filming his home and the home of his son Jeffrey who lives directly across the street at ▇▇▇▇▇ This behavior has continued and is causing Kevin Wagner to become increasingly alarmed.

Jeffrey Wagner arrested John Jones in Middletown Township for trespassing on 12-11-2021. This arrest occurred while Officer Jeff Wagner was on routine patrol assigned to the patrol division of Middletown Township Police Department. Officer Jeffrey Wagner has been employed with Middletown since 06-16-2016. Officer Wagner was notified by Officer Beck that Beck observed John Jones trespassing on Walter Miller Baseball fields. These fields are owned and controlled by Neshaminy School District. Wagner was assigned to handle the sector. Sgt. Luboid arrived and it was determined that Officer Wagner would handle the arrest. Officer Jeffrey Wagner was unfamiliar with John Jones at the time of the arrest. There is a letter on file with the Neshaminy Security Director Kevin Burns. This letter was on file prior to the incident and a certified mail copy was sent to John Jones advising him he was not welcome on their property.

John Jones has provided photos to Court 07-1-08 CCA Melanie Chesko in person of Kevin Wagner's home, Jeffrey Wagner's home and the home of Andy Korhonen which is located at 56 Gable Hill Rd. Andrew Korhonen is a deputy constable and the step father of Jeffrey Wagner's fiancee, Alexus Gordon. Korhonen reports when interviewed that Jones has been coming by his house filming him several times a week for the last three months..

On 01-29-2022 at 1656 hour John Jones arrived at 56 Gable Hill Road and began to film Andrew Korhonen and his family to include two grandchildren ages 2 and 4. Korhonen confronted Jones about his continued filming of him and his family. During the conversation Jones became agitated and began to yell at Korhonen and continued to film the juvenile children. Audio and video of this incident was captured on Korhonen's Ring Door bell. Alexus Gordon was present at the time of this incident at 56 Gable Hill Road.

Andrew Korhonen reports that the behavior of John Jones is escalating and he is suffering emotional distress from the constant continued course of conduct Jones is partaking in.

Jeffrey Wagner was interviewed and advised that he filed an official report with his Police Department regarding the actions of Mr. Jones. Captain Feeney of the Middletown Township Police was informed of this investigation and advised all documents could be provided to me. Jeffrey Wagner is concerned and feels that his father, Fiancee, and future father in law's safety may be in jeopardy due to him performing his duty in a legal capacity as a Middletown Police Officer. Jeffrey Wagner reports that he is distressed to leave his fiancee alone while he leaves for work. Jeffrey Wagner informed that Jones' behavior is escalating and he

| 22-01877 | 02/01/2022 | ☐ APPROVED BY: | | PAGE 3 |
|---|---|---|---|---|
| IRF 1.0 | | APPROVED ON: | | Print Date/Time  02/04/2022 12:31:43 |

# Bristol Township Police

## Incident Report Form

22-01877 a
02/01/2022
**Harassing Conduct**

just wants his family and self to be left alone. Jeffrey Wagner reports that he is emotionally distressed and it is affecting his duties as a police officer. Jeffrey Wagner has sought counseling with his Chief of Police, Joseph Bartarillo.

Alexus Gordon witnessed the incident on 56 Gable Hill Road. She used to reside at the home and it is the home of her step father and mother, Cindy Gordon. Alexus now resides at [REDACTED] with Jeffrey Wagner. Alexus is extremely upset after hearing Jones speak about her fiancee. Jones then said your daughter is marrying Jeffrey Wagner. Alexus Gordon does not know how Jones obtain this information about her and she fears for her safety. Gordon is severely afraid to be home alone and is now carrying a firearm to complete simple tasks like walking the her dog or going outside. Alexus Gordon never carried a firearm prior to Jones starting his course of conduct. Gordon fears Jones may cause physical harm to her or Jeffrey Wagner.

Officer McCabe of the Bristol Township Police responded and took the initial report from Andrew Korhonen on 01-29-2022. (22-01654)

EVIDENCE:
Ring Door camera footage from [REDACTED]
Multiple letters and photos given to court staff by defendant

| 22-01877 | 02/01/2022 | ☐ | APPROVED BY: | | |
|---|---|---|---|---|---|
| IRF 1.6 | | | APPROVED ON: | Print Date/Time | PAGE 4 |
| | | | | | 02/04/2022 12:31:43 |

Cars are assigned to a specific sector. This way there's cars spread out throughout the area for faster response. I heard one of our floater cars who is essentially a backup car on the radio with a suspicious vehicle in my assigned sector so I responded down to the Walter Miller School. I believe it's 10 Cobalt Drive South to back up that officer and was my sector as well. Once I got there, I came across the Defendant, Mr. John Jones, who is seated over there in the gray --

MR. PERUTO: Indicating the Defendant, Your Honor.

THE WITNESS: He was outside of his truck. There was -- it's a gray slash goldish, depending on the color, like the sun, Chevrolet pickup truck. It has Pennsylvania registration, YJW4924 affixed to the rear of it, and that was parked on -- it's a multi-use soccer slash baseball field for the Walter Miller School District or the Neshaminy School District at the Walter Miller School.

BY MR. OST-PRISCO:

Q    You're familiar with the school property there?

A    Yes, sir.

(Exhibit C-4 marked.)

MR. OST-PRISCO: May I approach the witness, Your Honor?

THE COURT: You may.

BY MR. OST-PRISCO:

Q    Officer Wagner, I'm showing you what I marked as

(OFFICER JEFFREY WAGNER, sworn.)

THE CLERK:  Please state and spell your name for the record.

THE WITNESS:  Jeffrey Wagner, J-E-F-F-R-E-Y, W-A-G-N-E-R.

THE CLERK:  Thank you.

THE COURT:  Good afternoon.

THE WITNESS:  Good afternoon, Your Honor.

DIRECT EXAMINATION

BY MR. OST-PRISCO:

Q    Would you state your name for the record.  Well, you just stated your name for the record.  I'm sorry.  How long have you been a police officer?

A    I've been a police officer for nine years, one year approximately at the Tullytown Borough Police Department. Eight years at Middletown Township Police Department, which is where I'm currently employed.

Q    Were you on duty on December 11th of 2021?

A    Yes, I was.

Q    Did you have a reason to respond to the Walter Miller Elementary School sometime just before noon?

A    Yes.

Q    Can you tell us about why you responded to the school?

A    So in Middletown Township we have several sectors.

COPY



# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL





CASE 26-1050

X-RAY USMS

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014    EP14F October 2023

# VISIT US AT USPS.COM®