**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN JONES, JR.** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 26-1050** |
| | : |
| **KEVIN BURNS, ANDREW** | : |
| **KORHONEN, ALEXUS GORDON** | : |
| **WAGNER, JOSHUA PETERSON,** | : |
| **THOMAS CALAMARI, BUCKS** | : |
| **COUNTY, LEVITTOWN NOW/** | : |
| **PUBLISHER, JEFFREY WAGNER,** | : |
| **SERGEANT MICHAEL LUBOLD,** | : |
| **DOE OFFICER 1, DOE OFFICER 2,** | : |
| **JOHN BECK, JASON MANCUSO,** | : |
| **ASHLEY MCCABE, EDWARD** | : |
| **DIFRANK, SEAN COSGROVE,** | : |
| **EMILYANN MAIALETTI,** | : |
| **MIDDLETOWN TOWNSHIP,** | : |
| **BRISTOL TOWNSHIP, NESHAMINY** | : |
| **SCHOOL DISTRICT** | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                                    **June 25, 2026**

We return to local police interaction with township residents' everyday activities like walking a dog and driving down the street. We today review allegations a police officer in Bucks County arrested and the District Attorney later prosecuted a resident for walking his service dog on school property on a Saturday when the police earlier told him he could not be on the school property during school days. The police impounded his car and seized his dog. He disputed the charges over the next several weeks. A county constable related to the arresting officer later assaulted the resident. The police obtained a warrant charging terroristic threats and harassment and a local judge set $1 Million bail and remanded the resident to custody for several weeks. All of this occurred in late 2021 and early 2022. The jury acquitted the resident of all charges in May 2024.

The resident sued without the benefit of counsel in February 2026 claiming several state actors violated a variety of his constitutional rights in late 2021 and in 2022. The state actors served with allegations (including a family member of the arresting officer) move to dismiss. The resident, without the benefit of counsel, did not respond to the motions. We grant the motions dismissing several claims with prejudice as the resident cannot assert certain claims under the law. We also dismiss other claims but with leave for the resident to timely plead facts as to each person who he can swear violated his constitutional rights rather than broadly alleging every person did every act. The resident can now replead certain claims which accrued after February 13, 2024 in a second amended complaint with facts if possible consistent with the truth. We appreciate there are two sides to these interactions but we must first understand the resident's claim as to each person required to respond to his allegations before evaluating the state actors' defenses.

## I.  Alleged pro se facts and matters of public record

Levittown resident John Jones, Jr. accused members of the Wagner family of "corruption, favoritism, abuse of authority, influence peddling, and retaliatory misconduct within Bucks County institutions and law enforcement" in 2021.[1] Mr. Jones wrote to Bucks County Magisterial District Court Judge John J. Kelly Jr. and several other officials and agencies in August 2021 asking them to investigate and prosecute members of the Wagner family under the Racketeer Influenced and Corrupt Organizations Act.[2] Mr. Jones "placed the Wagner family and affiliated Bucks County individuals on notice [he] was openly accusing the Wagner family of corruption and abuse of power."[3] Mr. Jones also submitted photos of alleged Wagner property-code violations to the "District Court."[4] A court staff member forwarded the documents to a constable who then shared them with the Wagners identified in the documents.[5]

### *Police cite Mr. Jones for trespassing on church property in November 2021.*

Middletown Township Police Officer Edward DiFrank cited Mr. Jones for trespassing on church property on November 9, 2021.[6] The church property borders an elementary school property in the Neshaminy School District.[7] Mr. Jones stood on the elementary school property but Officer DiFrank charged Mr. Jones with trespassing on church property.[8] Officer DiFrank also threatened to tow Mr. Jones's truck if he did not immediately leave the area.[9]

Neshaminy School District's Security Chief Kevin Burns issued Mr. Jones a written notice the same day concerning his presence on the same elementary school property.[10] Security Chief Burns's Notice prohibited Mr. Jones from being on the school property during school hours unless he "had school business during those hours."[11] It did not "impose a blanket prohibition" from school property.[12] Mr. Jones then walked his dog on school property only during evenings and weekends.[13]

### *Officers arrest Mr. Jones on Saturday, December 11, 2021.*

Mr. Jones returned to the elementary school property on Saturday, December 11, 2021.[14] Middletown Township Officer John Beck approached Mr. Jones and reviewed Security Chief Burns's Notice.[15] Officer Beck concluded Mr. Jones did not violate a directive or law and left without taking enforcement action.[16]

Middletown Township Officer Jeffrey Wagner (a member of the Wagner family challenged by Mr. Jones's earlier writings) arrived about fifteen minutes later with Sergeant Michael Lubold and two unidentified officers.[17] Mr. Jones explained to Sergeant Lubold he had already spoken to Officer Beck and Sergeant Lubold acknowledged Officer Beck did not take enforcement action.[18] Officer Wagner interpreted Security Chief Burns's Notice as barring Mr. Jones from school property at all times.[19] Officer Wagner arrested Mr. Jones for trespassing on the elementary school

property on a Saturday and took Mr. Jones and his service dog Holly into custody.[20] Officers also impounded Mr. Jones's vehicle.[21] Officers charged Mr. Jones with defiant trespass and trespass by motor vehicle.[22]

### *Mr. Jones disputes the basis for the trespassing arrest.*

Mr. Jones wrote to Security Chief Burns and Neshaminy School District after his arrest disputing the factual and legal basis for restricting his presence on school property during non-school hours.[23] Security Chief Burns and Neshaminy School District did not respond to or clarify the restriction.[24] Mr. Jones wrote to the Bucks County District Attorney's Office in late January 2022 about the December 11 arrest.[25] He described alleged misconduct by Officer Wagner, Bristol Township police personnel, and individuals connected to Officer Wagner's family.[26] He also warned the District Attorney's Office he believed Bucks County officials "were taking steps to '[c]ircle the [w]agons'" to protect Officer Wagner from false arrest and false imprisonment allegations.[27]

### *Officer Wagner's father-in-law Constable assaulted Mr. Jones on January 29, 2022.*

Bucks County Constable Andrew Korhonen stopped Mr. Jones on January 29, 2022 "while driving a route that [he] ha[d] driven for three decades."[28] Constable Korhonen is Officer Wagner's father-in-law.[29] Constable Korhonen assaulted Mr. Jones and damaged his phone screen.[30] Mr. Jones returned home and called police.[31] Bristol Township Police Officer Ashley McCabe responded to Mr. Jones's residence.[32]

Officer McCabe did not take enforcement action and instead warned Mr. Jones he would be charged with harassment if he drove on streets where members of the Wagner family own properties.[33]

4

***Police arrest Mr. Jones and hold him for several weeks in custody based on statements from the arresting officer and the officer's judge-father.***

Bristol Township Officer Jason Mancuso called Mr. Jones a few days later on February 3, 2022 and told him a judge issued a warrant for his arrest and directed Mr. Jones to surrender.[34] Mr. Jones faced stalking and harassment charges involving Officer Wagner, his wife Alexus Gordon Wagner, and father-in-law Constable Korhonen.[35] Officer Mancuso's charging documents referenced Bucks County Magisterial District Judge Kevin P. Wagner Sr. and Judge Wagner's communications with Bucks County detectives about the investigation into Mr. Jones.[36] Judge Wagner is Officer Wagner's father.[37] Mr. Jones surrendered as instructed and officials transported him to Bucks County Prison after arraignment before Bucks County Magisterial District Judge Jan Vislosky.[38] Judge Vislosky set bail at $1 million.[39] Mr. Jones lacked phone access during his first six days in custody; he never saw his service dog again.[40]

Bucks County Constables Joshua Peterson and Thomas Calamari later initiated terroristic-threats charges against Mr. Jones based on alleged threats toward Judge Wagner during transport to Bucks County Prison.[41] The Constables based their terroristic-threats charges "on complaints involving members of the Wagner family, including [Officer] Wagner, [Ms.] Gordon Wagner, and [Constable] Korhonen."[42] Judge Vislosky imposed an additional $50,000 bail on the terroristic-threats charges after arraignment on March 22, 2022.[43] The additional charges delayed Mr. Jones's release despite earlier bail proceedings.[44] Mr. Jones remained in custody until April 20, 2022.[45]

***A jury acquits Mr. Jones of all charges in May 2024.***

Mr. Jones proceeded to trial in May 2024 on the charges of stalking, harassment, trespass, and terroristic threats.[46] Officer Wagner swore Mr. Jones "was cited and convicted of being on school property."[47] Security Chief Burns swore "signs existed on Walter Miller Elementary School property prohibiting public use of the property regardless of school hours."[48]

The jury acquitted Mr. Jones on May 17, 2024 of all charges—three stalking counts, three harassment counts, two trespass counts, and one terroristic-threats count.[49]

### *Judge Marston dismisses Mr. Jones's December 2023 lawsuit.*

Mr. Jones pro se sued dozens of individuals and entities in December 2023 challenging the December 11, 2021 arrest, the February 2022 arrest, and detention.[50] He pleaded constitutional and state law claims. Judge Marston dismissed Mr. Jones's case in its entirety after Mr. Jones did not cure service and pleading deficiencies despite multiple opportunities to amend.[51] Judge Marston dismissed Mr. Jones's claims against Bucks County under Federal Rule of Civil Procedure 4(m) after directing Mr. Jones three times to serve Bucks County and "warn[ing] him that failure to do so would result in [] dismissal."[52] Judge Marston also dismissed Mr. Jones's claims against Security Chief Burns under Rule 4(m) after directing Mr. Jones to serve newly added defendants, explaining the service defects, and "warning him failure to correct service would result in dismissal."[53] Judge Marston dismissed Mr. Jones's claims against Judge Wagner because she had already dismissed those claims with prejudice based on judicial immunity.[54] Judge Marston found "further leave to amend would be inequitable against Defendants who ha[d] litigated [the] case since 2023, and defended against four, extremely lengthy [c]omplaints."[55]

### *Mr. Jones again sues state actors in February 2026 for the 2021 arrest and 2022 incarceration.*

Mr. Jones returned four months ago with another extremely lengthy complaint without the benefit of counsel. He sued before us, and later amended his allegations against, several state actors and local entities for alleged civil rights violations arising from his December 2021 arrest, February 2022 incarceration, continued prosecution, and May 2024 acquittal.[56] He pleaded claims against "Defendants" for Fourteenth Amendment fabrication of evidence, Fourth Amendment malicious prosecution, section 1983 civil rights conspiracy, Fourth Amendment false arrest and false

6

imprisonment, Fourteenth Amendment substantive due process, First Amendment retaliation, and failure to intervene.[57] He also seeks to impose municipal liability upon "Defendant municipal entities."[58] He seeks money damages and other relief for violations of his constitutional rights.[59]

## II.    Analysis

Judge Wagner, Security Chief Burns, Bucks County, and the Bucks County District Attorney's Office move to dismiss.[60] Judge Wagner argues Mr. Jones's claims are: (1) precluded by his earlier federal action; (2) time-barred to the extent based on events before February 13, 2024; (3) barred by judicial immunity to the extent based on judicial acts; (4) barred by the Eleventh Amendment to the extent pleaded against him in his official capacity; and, (5) deficient under Rule 8.[61] Security Chief Burns moved separately arguing Mr. Jones's claims are: (1) precluded by his earlier federal action; (2) time-barred because they arise from his November 9, 2021 letter; (3) improperly pleaded against him in his official capacity because Neshaminy School District is the real party in interest; and, (4) deficient under Rule 8.[62] Bucks County and the Bucks County District Attorney's Office move separately arguing the Complaint does not plead facts sufficient to state a claim for municipal liability and the District Attorney's Office is immune from suit.[63]

Mr. Jones did not respond to the motions to dismiss. We may dismiss on this ground alone.[64] But we will consider the merits.

We are directed by our Court of Appeals to construe a pro se litigant's pleadings "liberally" and "hold him to 'less stringent standards than formal pleadings drafted by lawyers.'"[65] We accept as true all well-pleaded factual allegations, draw all reasonable inferences in Mr. Jones's favor, and construe his allegations in the light most favorable to him to determine whether he plausibly states a claim for relief.[66] We are to "remain flexible" and "apply the relevant legal principle even

when the complaint has failed to name it."[67] But "pro se litigants still must allege sufficient facts in their complaints to support a claim."[68] They "must still ultimately 'abide by the same rules that apply to all other litigants.'"[69]

We dismiss all claims against Judge Wagner and the Bucks County District Attorney's Office and Mr. Jones's Fourth Amendment false arrest and false imprisonment claim and failure to intervene claim against Security Chief Burns with prejudice. We dismiss all remaining claims without prejudice to timely amend.

### A. We dismiss Mr. Jones's claims against Judge Wagner with prejudice.

Mr. Jones sues Judge Wagner challenging his alleged involvement in the investigation and prosecution following Mr. Jones's December 11, 2021 arrest.[70] Judge Wagner argues the claims are time-barred because the conduct giving rise to Mr. Jones's claims occurred between December 2021 and February 2022.[71]

Federal claims brought under section 1983 are governed by Pennsylvania's two-year statute of limitations for personal injury actions.[72] "[A] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury."[73] We may dismiss claims on statute of limitations grounds when the "defense is apparent on the face of the complaint."[74]

We agree all conduct involving Judge Wagner occurred long before February 13, 2024 and are therefore time-barred by Pennsylvania's two-year statute of limitations. We dismiss all claims against Judge Wagner with prejudice.

### B. We dismiss Mr. Jones's claims against the Bucks County District Attorney's Office with prejudice.

Mr. Jones alleges the District Attorney's Office, through its "prosecutors, detectives, policymakers, and affiliated personnel," had notice of his allegations of misconduct, false arrest,

8

selective enforcement, and preferential treatment involving members of the Wagner family and associated law enforcement personnel before and during the criminal proceedings against him yet continued to prosecute him.[75] The District Attorney's Office counters it is immune from suit.[76]

We agree the District Attorney's Office is not subject to suit. "Governmental sub-units, including a district attorney's office . . . are not distinct from the municipalities of which they are a part.[77] The District Attorney's Office is merely a sub-unit of Bucks County.

We dismiss all claims against the District Attorney's Office with prejudice.

### C. We dismiss Mr. Jones's Fourth Amendment false arrest and false imprisonment claims against Security Chief Burns with prejudice.

The limitations period for claims alleging false arrest or false imprisonment in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process."[78] Mr. Jones admits the Commonwealth arrested and detained him on December 11, 2021 and again on February 3, 2022.[79] The statute of limitations period for his false arrest and false imprisonment claims expired in February 2024 at the latest. Mr. Jones filed this latest case in February 2026, two years after his claims accrued. His false arrest and false imprisonment claims are untimely. We dismiss them with prejudice.

### D. We dismiss Mr. Jones's failure to intervene claim against Security Chief Burns with prejudice.

Mr. Jones asserts a failure to intervene claim alleging "Defendants who were present and aware of the lack of probable cause failed to intervene to prevent [Mr. Jones's] unlawful arrest, detention, and prosecution."[80] Our Court of Appeals instructs failure-to-intervene liability does not extend "to the false arrest context, i.e., to hold an officer liable under [section] 1983 for failing to intervene when another officer arrested the plaintiff without probable cause."[81] Mr. Jones's failure to intervene claim against Security Chief Burns cannot proceed as a matter of law because it rests on alleged inaction in connection with his arrests, detention, and prosecution rather than excessive

force or another context where our Court of Appeals recognizes a failure-to-intervene theory. We dismiss the claim with prejudice.

### E. We dismiss Mr. Jones's remaining claims against Security Chief Burns with leave to amend.

Mr. Jones pleads additional claims against "Defendants" for First Amendment retaliation, malicious prosecution in violation of the Fourth Amendment, due process rights due to fabrication in violation of the Fourteenth Amendment, substantive due process in violation of the Fourteenth Amendment, and conspiracy under section 1983.[82] Security Chief Burns argues the Complaint must be dismissed because Mr. Jones does not allege how or when Security Chief Burns engaged in wrongful conduct.[83]

The Supreme Court through Rule 8 requires "pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."[84] Mr. Jones's allegations do not meet Rule 8 because they do not give fair notice of "what the . . . claim is and the grounds upon which it rests."[85] Mr. Jones does not identify which of the multiple "Defendants" fabricated evidence, caused his prosecution, agreed to violate his rights, caused his arrests or detention, engaged in conscience-shocking conduct, retaliated against him, or stood present and failed to intervene. He attributes each claimed constitutional violation to "Defendants" without describing what Security Chief Burns did.

We dismiss the claims against Security Chief Burns without prejudice for Mr. Jones to timely plead facts showing Security Chief Burns's personal involvement in a timely constitutional violation.

10

### 1.   Mr. Jones does not plead a First Amendment retaliation claim.

Mr. Jones asserts a First Amendment retaliation claim alleging "Defendants took adverse action against [him], including arrest, prosecution, and additional charges, in retaliation for [Mr. Jones]'s protected conduct, including challenging the legality of Defendants' actions and asserting his rights."[86]

To properly plead a First Amendment claim for alleged retaliation, Mr. Jones must allege "(1) he engaged in "constitutionally protected conduct"; (2) a state actor "engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) a "causal link between the constitutionally protected conduct and retaliatory action."[87] "In the First Amendment retaliation context, individual discrete acts 'g[ive] rise to a cause of action at the time [they] occur[ ].[88]

We grant Mr. Jones leave to amend only to the extent he can allege a timely retaliatory act occurring on or after February 13, 2024 and facts plausibly linking the state actor and the act to his protected conduct.

### 2.   Mr. Jones does not plead a Fourth Amendment malicious prosecution claim.

Mr. Jones asserts a Fourth Amendment malicious prosecution claim alleging "Defendants caused [him] to be seized and prosecuted without probable cause by means of fabricated evidence, with favorable termination occurring on May 17, 2024."[89]

To prevail on a Fourth Amendment malicious prosecution claim, Mr. Jones must allege and then prove "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [his] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the

11

plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[90]

He does not do so. We dismiss Mr. Jones's claim with leave to amend to identify which state actor initiated which criminal proceeding, which charge lacked probable cause, or facts allowing us to plausibly infer the state actor acted maliciously or for a purpose other than bringing him to justice.

### 3. Mr. Jones does not plead a Fourteenth Amendment substantive due process claim.

Mr. Jones asserts a Fourteenth Amendment substantive due process claim alleging "Defendants engaged in arbitrary and conscience-shocking conduct, including reliance on known false statements, excessive bail manipulation, and continuation of charges despite exculpatory evidence."[91]

"[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."[92]

He does not do so. We dismiss this claim with leave to amend to identify a protected liberty or property interest and plead facts identifying which state actor deprived him of the interest through conscience-shocking conduct and when.

### 4. Mr. Jones does not plead a Fourteenth Amendment fabrication of evidence claim.

Mr. Jones asserts a Fourteenth Amendment fabricated evidence claim alleging "Defendants knowingly fabricated and maintained false evidence from 2021 through May 17, 2024, depriving [him] of liberty and a fair criminal proceeding."[93]

To properly plead a stand-alone fabricated evidence claim against state actors under the Fourteenth Amendment due process clause, Mr. Jones must show "(1) a reasonable likelihood that,

absent that fabricated evidence, [he] would not have been criminally charged; (2) that the evidence was of such significance that it could have affected the outcome of the criminal case; and (3) that the evidence was fabricated, not merely incorrect or simply disputed."[94]

He does not do so. We dismiss Mr. Jones's claim with leave to amend to identify the fabricated evidence, the state actor who fabricated it, or facts showing a reasonable likelihood prosecutors would not have charged him absent the fabricated evidence.

**5. Mr. Jones does not plead a claim for conspiracy under federal civil rights law.**

Mr. Jones asserts a conspiracy to violate his civil rights claim alleging "Defendants agreed and acted in concert over an extended period to violate [Mr. Jones]'s constitutional rights."[95]

To state a claim for a conspiracy to violate federal civil rights, Mr. Jones must allege "'(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States,' with the added gloss under [section] 1983 that the conspirators act under the color of state law."[96] But a civil rights conspiracy claim cannot survive without an underlying federal constitutional violation.[97]

Mr. Jones does not plead a standalone constitutional violation under federal civil rights law. We dismiss Mr. Jones's conspiracy claims under section 1983 without prejudice with leave to amend his claims if he can plead specific facts allowing us to plausibly infer a conspiracy to deprive him of civil rights.

**F.  We dismiss Mr. Jones's claims against Bucks County with leave to amend.**

Mr. Jones attempts to plead a municipal liability claim under section 1983 against "Defendant municipal entities" alleging they "maintained policies, customs, or practices that

13

permitted reliance on false statements, failure to investigate, and continuation of charges without probable cause, constituting deliberate indifference to [Mr. Jones's] constitutional rights."[98] Bucks County argues Mr. Jones fails to plead a municipal liability claim because he identifies no County employee who violated his constitutional rights, no County policy or custom, no final policymaker decision, no pattern of similar violations, and no causal link between County action and his alleged injury.[99]

A municipality may be held liable under federal civil rights law only when its official policy or customs caused the alleged constitutional violation.[100] Mr. Jones must "specify . . . exactly" the underlying custom or policy.[101] He must "point to an official proclamation, policy, or edict by a decisionmaker possessing the final authority to establish municipal policy on the relevant subject."[102] A municipal policy under section 1983 is a "statement, ordinance, regulation, or decision officially adopted and promulgated by" the Township's officers.[103] A custom enacted by the Township may also lead to liability if it is "so widespread as to have the force of law."[104] "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy."[105] "Without an underlying constitutional violation, there can be no *Monell* claim."[106]

Mr. Jones does not plead a standalone constitutional violation under federal civil rights law. We dismiss his municipal liability claim without prejudice to timely amend.

## III.  Conclusion

Mr. Jones returns with his second case pro se suing a variety of state actors challenging his arrest, detention, and prosecution from late 2021 and 2022. A jury acquitted him of the charges brought in the prosecution in 2024. He sued before us in February 2026. We must dismiss his

facially time-barred claims with prejudice. We must also dismiss claims against state actors who cannot be sued for the alleged acts with prejudice.

We also dismiss his remaining claims as to the persons seeking relief today as he does not oppose dismissal but do so without prejudice. He may timely file a second amended Complaint identifying the specific facts as to each state actor whom he can later swear violated one or more of his Constitutional rights or Pennsylvania Law over which we could exercise supplemental jurisdiction.

---

[1] ECF 25 at 39.

[2] *Id.*

[3] *Id.*

[4] *Id.* at 3.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 57.

[10] *Id.* at 11, 20.

[11] *Id.* at 3.

[12] *Id.* at 20.

[13] *Id.* at 3–4.

[14] *Id.* at 11, 20.

[15] *Id.* at 4, 11.

[16] *Id.* at 4, 11, 20.

[17] *Id.* at 4.

15

[18] *Id*. at 11.

[19] *Id*. at 20.

[20] *Id*. at 4.

[21] *Id.*

[22] *Id.* at 4, 12.

[23] *Id*. at 12, 21.

[24] *Id.*

[25] *Id*. at 5.

[26] *Id*. at 33.

[27] *Id.*

[28] *Id.* at 4.

[29] *Id*. at 5.

[30] *Id.* at 13.

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 4, 13.

[35] *Id.* at 14.

[36] *Id.* at 14, 18.

[37] *Id.* at 18.

[38] *Id.* at 5.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 5, 15.

[42] *Id.* at 16.

[43] *Id.* at 15.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 5.

[47] *Id.* at 3.

[48] *Id.* at 22.

[49] *Id.* at 16.

[50] *See* Complaint, *Jones v. Bristol Twp., et al.*, No. 23-4879 (E.D. Pa Dec. 10, 2023), ECF 1. We may properly consider Mr. Jones's previous public filings in evaluating his claims. *McTernan v. City of York,* 577 F.3d 521, 526 (3d Cir. 2009).

[51] *Jones v. Bristol Twp., et al.*, No. 23-4879, 2026 WL 909673, at *6–7, *14 (E.D. Pa. Mar. 31, 2026).

[52] *Id.* at *5.

[53] *Id.*

[54] *Id.* at *4; *see also* Order, *Jones v. Bristol Twp., et al.*, No. 23-4879 (E.D. Pa. Jan. 13, 2025), ECF 51.

Mr. Jones did not name the Bucks County District Attorney's Office in the December 2023 lawsuit. He also had not been acquitted of the charges at the time of filing the December 2023 lawsuit.

[55] *Jones v. Bristol Twp., et al.*, 2026 WL 909673, at *14 n.27.

[56] He sues: Judge Kevin P. Wagner, Sr.; Alexus Gordon Wagner; Neshaminy School District Security Chief Kevin Burns; Neshaminy School District; Bucks County Constables Andrew Korhonen, Joshua Peterson, and Thomas Calamari; Bucks County; Bucks County District Attorney's Office; Middletown Township Police Officers Jeffrey Wagner, John Beck, Edward DiFrank, Doe Officer 1, and Doe Officer 2; Middletown Township Sergeant Michael Lubold; Middletown Township; Bristol Township Police Officers Jason Mancuso, Ashley McCabe, and Emilyann Maialetti; Bristol Township Sergeant Sean Cosgrove; Bristol Township; Levittown Now/Publisher. ECF 25 at 8–10.

Congress through section 1983 provides a remedy for a violation of constitutional rights but it is not a source of substantive rights; it is a vehicle to vindicate federal rights "elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 provides, in relevant part: "Every person who, under color of any statute . . . of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983. To state a civil rights claim, Mr. Jones must allege (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley,* 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode,* 845 F.2d at 1207)); *Iqbal,* 556 U.S. at 676 (explaining "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead each government-official defendant, through the official's own individual actions, has violated the Constitution").

[57] ECF 25 at 70.

[58] *Id.* at 70.

[59] *Id.* at 72–73.

[60] *See* ECF 32; ECF 29; ECF 31. Judge Wagner, Security Chief Burns, Bucks County, and the Bucks County Attorney's Office move to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). Mr. Jones has not filed proof of service as to remaining Defendants.

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an

entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

[61] *See generally* ECF 32.

[62] *See generally* ECF 29-1.

[63] *See generally* ECF 31-1.

[64] Our Court through Local Rule of Civil Procedure 7.1(c) provides "[w]hen a party has failed to timely respond to a motion to dismiss within 14 days, the Court is authorized to grant the motion as uncontested." *Ewideh v. Keystone Advanced Remodeling, LLC*, No. 23-3032, 2024 WL 5668922, at *1 n.1 (E.D. Pa. Jan. 25, 2024) (quoting *King v. Luppold*, 2023 WL 4671346, at *2 (E.D. Pa. July 20, 2023)); *see also Fleming v. United States VA Med. Ctrs.*, 348 Fed. App'x. 737, 738 (3d. Cir. 2009) (affirming the district court's grant of a defendant's motion to dismiss under Rule 7.1(c) as "within its authority" when the plaintiff failed to respond for approximately four weeks); *Abdulhay v. Abdulhayoglu*, 2022 WL 6768194, at *3 n.3 (E.D. Pa. Oct. 11, 2022) ("It is within a district court's discretion to grant a motion to dismiss as unopposed pursuant to Local Civil Rule 7.1(c)").

[65] *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024)).

[66] *Oakwood Lab'ys LLC*, 999 F.3d at 904 (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[67] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[68] *Id.* (quoting *Mala*, 704 F.3d at 245).

[69] *Freeman*, 158 F.4th at 175 (quoting *Mala*, 704 F.3d at 245).

[70] ECF 25 at 5, 18–19.

[71] ECF 32 at 7–8.

[72] *Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021) (quoting *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)) ("A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims."); *see also* 42 PA. CONS. STAT. ANN. § 5524.

[73] *Millan v. Mun. of Harrison*, No. 24-2882, 2025 WL 2375263, at *1 (3d Cir. Aug. 15, 2025) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

[74] *Wisniewski v. Fisher,* 857 F.3d 152, 157 (3d Cir. 2017).

[75] ECF 25 at 33–36.

[76] ECF 31-1 at 4–6.

[77] *Trauger v. Columbia Cnty. Dist. Atty's Off.*, No. 25-1469, 2026 WL 1507819, at *2 (M.D. Pa. May 29, 2026) (citing *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016)); *see also Fake v. Pennsylvania*, No. 25-1798, 2025 WL 2741856, at *2 (3d Cir. Sep. 26, 2025) (per curiam) ("[T]he Philadelphia District Attorney's Office is not a separate entity that can be sued under § 1983" (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997)); *Ellakkany v. Common Pleas Ct. of Montgomery Cnty.*, 658 F. App'x 25, 28 (3d Cir. 2016) (per curiam) (holding the "District Attorney's Office of Montgomery County" is not "separate from the municipality itself").

[78] *Lloyd,* 857 F. App'x at 64 (quoting *Wallace v. Kato,* 549 U.S. 384, 397 (2007)); *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011).

[79] ECF 25 at 12–13.

[80] *Id.* at 70.

[81] *Ogrod v. City of Phila.*, 598 F. Supp. 3d 253, 272 (E.D. Pa. 2022) (citing *Lozano v. New Jersey*, 9 F.4th 239, 246 n.4 (3d Cir. 2021).

[82] ECF 25 at 70.

[83] ECF 29-1 at 17–18.

[84] *Rosado v. City of Coatesville*, No. 19-2426, 2019 WL 2448867, at *2 (E.D. Pa. June 11, 2019) (quoting *Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)).

[85] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

[86] ECF 25 at 70.

[87] *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (cleaned up) (footnote omitted).

[88] *Millan*, 2025 WL 2375263, at *1 (quoting *O'Connor v. City of Newark*, 440 F.3d 125, 128–29 (3d Cir. 2006)).

[89] ECF 25 at 70.

[90] *Hicks v. City of Phila.*, 783 F. Supp. 3d 834, 856 (E.D. Pa. 2025) (quoting *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007)).

[91] ECF 25 at 70.

[92] *Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

[93] ECF 25 at 70.

[94] *Burke v. Bachert*, 702 F. Supp. 3d 347, 363 (E.D. Pa. 2023) (citing *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016), *as amended* (Sept. 16, 2016); *Boseman v. Upper Providence Twp*, 680 F. App'x. 65, 69–70 (3d Cir. 2017)).

[95] ECF 25 at 70.

[96] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

[97] *Dondero v. Lower Milford Twp.*, 431 F. Supp. 3d 590, 606 (E.D. Pa. 2019), *aff'd*, 5 F.4th 355 (3d Cir. 2021); *see also Rink v. Ne. Educ. Intermediate Unit 19*, 717 F. App'x 126, 141 (3d Cir. 2017) ("There can be no civil conspiracy to commit an unlawful act under § 1983 where the plaintiff has not proven a deprivation of a constitutional or federal statutory right or privilege.").

[98] ECF 25 at 70.

[99] ECF 31-1 at 6–11.

[100] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978).

[101] *Bush v. Pennsylvania*, No. 23-2216, 2023 WL 5339612, at *2 (E.D. Pa. Aug. 17, 2023) (citing *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

[102] *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

[103] *Monell*, 436 U.S. at 690.

[104] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

[105] *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

[106] *City of Phila. v. Hempstead Props., LLC*, No. 23-2434, 2024 WL 1620792, at *2 (E.D. Pa. Apr. 15, 2024) (citing *Knellinger v. York Street Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014)).