**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN JONES, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-1050** |
| | : | |
| **KEVIN BURNS, ANDREW KORHONEN, ALEXUS GORDON WAGNER, JOSHUA PETERSON, THOMAS CALAMARI, BUCKS COUNTY, LEVITTOWN NOW/ PUBLISHER, JEFFREY WAGNER, SERGEANT MICHAEL LUBOLD, DOE OFFICER 1, DOE OFFICER 2, JOHN BECK, JASON MANCUSO, ASHLEY MCCABE, EDWARD DIFRANK, SEAN COSGROVE, EMILYANN MAIALETTI, MIDDLETOWN TOWNSHIP, BRISTOL TOWNSHIP, NESHAMINY SCHOOL DISTRICT** | : | |

# MEMORANDUM

**KEARNEY, J.** **October 26, 2026**

The Bucks County District Attorney did not persuade a state court jury of Levittown resident John Jones Jr.'s guilt beyond a reasonable doubt on charges of trespassing, harassment, and stalking. Mr. Jones responded to his acquittal almost two years later by suing several state actors along with the prosecuting District Attorney, the County, local townships, and local press for a variety of civil rights claims arising from the unsuccessful prosecution. We dismissed his amended Complaint approximately four months ago with leave to plead facts as to limited claims. Mr. Jones, without counsel, amended by repeating claims earlier dismissed with prejudice and restating fact allegations. He does not succeed in avoiding further dismissal. Mr. Jones does not plead claims against Neshaminy School District, Security Chief Kevin Burns, Bucks County, and

the Bucks County District Attorney's Office. He has not done so after three attempts. We again dismiss some claims with prejudice and others with one last leave to amend.

## I. Alleged pro se facts

Levittown resident John Jones, Jr. sent letters to the FBI, the Bucks County District Attorney, judges, and other officials on August 23, 2021 alleging the Wagner family of Bucks County engaged in racketeering, corruption, influence peddling, and other misconduct.[1] The Wagner family includes Officer Jeffrey Wagner, his wife Alexus Wagner, his father Magisterial District Judge Kevin P. Wagner, Sr., and his wife's stepfather Constable Andrew Korhonen.[2]

***Police arrest Mr. Jones for walking on school property.***

Levittown Officer Edward DiFrank filed a police report a few months after Mr. Jones's November 9, 2021 letter detailing Mr. Jones's alleged trespassing on Walter Miller Elementary School property.[3] Neshaminy School District Chief of Security Kevin Burns then immediately prohibited Mr. Jones from appearing on school property during school hours.[4]

Mr. Jones thereafter only walked his dog on school property during evenings and weekends.[5] For example, Mr. Jones walked with his service dog on Walter Miller School property on Saturday morning, December 11, 2021.[6] Officer John Beck questioned Mr. Jones while he walked there.[7] Mr. Jones explained he had permission to be on the school property on Saturdays.[8] Officer Beck accepted the explanation and left the scene.[9] But Officer Jeffrey Wagner, Sergeant Michael Lubold, and two other unidentified officers approached Mr. Jones less than half an hour later.[10] Mr. Jones told Sergeant Lubold about the interaction with Officer Beck.[11] Officer Wagner arrested Mr. Jones anyway.[12] Mr. Jones then wrote to Security Chief Burns asking him to clarify what he meant by "school hours" in the November 9, 2021 notice.[13] Security Chief Burns and Neshaminy School District never responded.[14]

Mr. Jones detailed long-term misconduct by the Wagner family and associated law enforcement personnel in correspondence to Bucks County District Attorney Matthew Weintraub on or about January 20, 2022.[15] He described his December 11, 2021 arrest including Officer Wagner's recruitment of multiple officers' participation despite lacking probable cause.[16] Mr. Jones accused Bucks County officials of protecting Officer Wagner from accountability and predicted escalating retaliatory actions would follow.[17] Mr. Jones disseminated his correspondence through an extensive carbon copy distribution list.[18] The Bucks County District Attorney's Office did not respond to the letter and continued to prosecute Mr. Jones.[19]

***Officers arrest, charge, and unsuccessfully prosecute Mr. Jones after he reported an assault.***

Officer Jeffrey Wagner's stepfather-in-law, Constable Andrew Korhonen, pulled over Mr. Jones and assaulted him on January 29, 2022.[20] Mr. Jones called the police to report Constable Korhonen and spoke with Officer Ashley McCabe. Officer McCabe took no action and warned Mr. Jones not to drive past Wagner properties.[21]

Officer Jason Mancuso informed Mr. Jones of a warrant out for his arrest a couple days later.[22] Mr. Jones asked if he could surrender the following morning so he could secure care for his service dog.[23] Officer Mancuso denied the request but said Mr. Jones would return home from the arrest in a few hours.[24] Mr. Jones surrendered and Magisterial District Judge Jan Vislosky set Mr. Jones's bail at one million dollars on charges of trespassing, stalking, and harassing Officer Wagner, Officer Wagner's wife Alexus, and Officer Wagner's stepfather-in-law Constable Korhonen.[25] The Commonwealth charged Mr. Jones with terroristic threats against Officer Wagner's father, Magisterial District Judge Kevin Wagner, Sr.[26]

Mr. Jones spent seventy-six days in Bucks County Prison in 2022 and stood trial on May 16-17, 2024.[27] The jury acquitted him of all charges.[28]

***Mr. Jones sued the local officials.***

Mr. Jones sued here without the benefit of counsel in February 2026 claiming several state actors violated his constitutional rights in late 2021 and in 2022.[29] Some of the state actors moved to dismiss.[30] Mr. Jones did not respond. Mr. Jones also has not effected service on most of the persons he now sues. We granted the motions dismissing several claims with prejudice as Mr. Jones could not assert certain claims under the law.[31] We also dismissed other claims with leave for Mr. Jones to timely plead facts allowing us to plausibly infer a state actor violated his constitutional rights rather than broadly alleging every person did every act.[32]

Mr. Jones filed a second amended Complaint.[33] Mr. Jones has not effected service of this pleading as yet on Andrew Korhonen, Alexus Gordon Wagner, Joshua Peterson, Thomas Calamari, Levittown Now, Jeffrey Wagner, Sergeant Michael Lubold, Doe Officer 1, Doe Officer 2, John Beck, Jason Mancuso, Ashley McCabe, Edward DiFrank, Sean Cosgrove, Emilyann Maialetti, Middletown Township, and Bristol Township.

## II. Analysis

Neshaminy School District, Security Chief Burns, Bucks County, and the Bucks County District Attorney's Office moved to dismiss.[34] Neshaminy School District and Security Chief Burns argue Mr. Jones's collective allegations fail to comply with Rule 8 and Rule 10.[35] They further argue Mr. Jones's factual allegations do not allow us to plausibly infer the alleged constitutional violations.[36] Neshaminy School District alternatively argues we should dismiss Mr. Jones's claims for insufficient service of process.[37] Security Chief Burns, Bucks County, and the Bucks County District Attorney's Office do not claim insufficient service of process. Bucks County argues Mr. Jones fails to plead a municipal liability *Monell* claim.[38] The Bucks County District Attorney's Office argues we already dismissed the claims against it with prejudice.[39] We granted Mr. Jones an extension of time to respond.[40]

Mr. Jones responded with over one hundred pages of fact allegations and legal analysis.[41] But he cannot cure a deficient complaint by adding fact allegations in a brief.[42] We must consider only those facts pleaded in the second amended Complaint. Neshaminy County School District and Security Chief Burns replied arguing the allegations do not establish a First Amendment, Fourth Amendment, Fourteenth Amendment, civil rights, or municipal liability *Monell* claim against them.[43]

**A. We again dismiss Mr. Jones's claims against the District Attorney's Office.**

We earlier dismissed Mr. Jones's claims against the Bucks County District Attorney's Office with prejudice.[44] We observed the District Attorney's Office is a governmental sub-unit of Bucks County.[45] It is not distinct from the municipality of which it is a part and is therefore immune from suit.[46] Mr. Jones's continued inclusion of the District Attorney's Office is contrary to our June 25, 2026 Order. We again dismiss his civil rights claims against the District Attorney's Office with prejudice.

**B. We again dismiss Mr. Jones's claims against Security Chief Burns.**

We again dismiss Mr. Jones's Fourth Amendment false arrest and false imprisonment claims against Security Chief Burns with prejudice as untimely on the face of the pleading under the statute of limitations.[47] We also again dismiss Mr. Jones's failure to intervene claim against Security Chief Burns with prejudice because our Court of Appeals instructs failure-to-intervene liability does not extend to the false arrest context.[48]

We earlier dismissed Mr. Jones's remaining claims of retaliation, malicious prosecution, substantive due process, fabrication of evidence, and conspiracy against Security Chief Burns with leave to amend.[49] We ruled the remaining claims did not meet Rule 8 because they did not give fair notice of "what the . . . claim is and the grounds upon which it rests."[50]

So Mr. Jones attempts to plead facts allowing us to plausibly infer retaliation, malicious prosecution, substantive due process, fabrication of evidence, and conspiracy against Security Chief Burns. He adds two pages of facts involving Security Chief Burns.[51] But these two pages restate rather than enhance or modify his earlier dismissed claims. Mr. Jones again alleges Security Chief Burns prohibited him from walking on school property during school hours.[52] Mr. Jones again alleges Security Chief Burns testified about the existence of signs restricting dogs at every school in the Neshaminy School District but did not testify such a sign existed at Walter Miller Elementary School on December 11, 2021.[53] And Mr. Jones again alleges Security Chief Burns reviewed his December 22, 2021 letter asking he clarify the meaning of the phrase "school hours."[54] Mr. Jones alleged these same facts in his dismissed allegations.[55] And he responds to the motions to dismiss by accusing Security Chief Burns of protecting Jeffrey Wagner's law enforcement career out of friendship.[56]

But Mr. Jones still does not identify which of the multiple "Defendants" fabricated evidence, caused his prosecution, agreed to violate his rights, caused his arrests or detention, engaged in conscience shocking conduct, retaliated against him, or stood present and failed to intervene.[57] He attributes each claimed constitutional violation to "Defendants" without describing what Security Chief Burns did.[58] He still fails to provide Security Chief Burns with the fair notice required by Rule 8.

**1. Mr. Jones does not plead a First Amendment retaliation claim.**

Mr. Jones tries to plead a First Amendment retaliation claim by alleging "Defendants took adverse action against [him], including arrest, prosecution, and additional charges, in retaliation for [Mr. Jones]'s protected conduct, including challenging the legality of Defendants' actions and asserting his rights."[59] To properly plead a First Amendment claim for alleged retaliation, Mr. Jones must allege "(1) he engaged in "constitutionally protected conduct"; (2) a state actor "engaged in

retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) a "causal link between the constitutionally protected conduct and retaliatory action."[60]

He does not do so. We dismiss Mr. Jones's claim with leave to amend only to the extent he can allege a timely retaliatory act occurring on or after February 13, 2024 and facts plausibly linking the state actor and the act to his protected conduct.

**2. Mr. Jones does not plead a Fourth Amendment malicious prosecution claim.**

Mr. Jones asserts a Fourth Amendment malicious prosecution claim alleging "Defendants caused [him] to be seized and prosecuted without probable cause by means of fabricated evidence, with favorable termination occurring on May 17, 2024."[61] To prevail on a Fourth Amendment malicious prosecution claim, Mr. Jones must allege and then prove "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [his] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[62]

He does not do so. We dismiss Mr. Jones's claim with leave to amend to identify which state actor initiated which criminal proceeding, which charge lacked probable cause, or facts allowing us to plausibly infer the state actor acted maliciously or for a purpose other than bringing him to justice.

**3. Mr. Jones does not plead a Fourteenth Amendment substantive due process claim.**

Mr. Jones asserts a Fourteenth Amendment substantive due process claim alleging "Defendants engaged in arbitrary and conscience-shocking conduct, including reliance on known false statements, excessive bail manipulation, and continuation of charges despite exculpatory

evidence."[63] "[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'"[64]

He does not do so. We dismiss Mr. Jones's claim with leave to amend to identify a protected liberty or property interest and plead facts identifying which state actor deprived him of the interest through conscience-shocking conduct and when.

**4. Mr. Jones does not plead a Fourteenth Amendment fabrication of evidence claim.**

Mr. Jones asserts a Fourteenth Amendment fabricated evidence claim alleging "Defendants knowingly fabricated and maintained false evidence from 2021 through May 17, 2024, depriving [him] of liberty and a fair criminal proceeding."[65] To properly plead a stand-alone fabricated evidence claim against state actors under the Fourteenth Amendment Due Process Clause, Mr. Jones must show "(1) a reasonable likelihood that, absent that fabricated evidence, [he] would not have been criminally charged; (2) that the evidence was of such significance that it could have affected the outcome of the criminal case; and (3) that the evidence was fabricated, not merely incorrect or simply disputed."[66]

He does not do so. We dismiss Mr. Jones's claim with leave to amend to identify the fabricated evidence, the state actor who fabricated it, or facts showing a reasonable likelihood prosecutors would not have charged him absent the fabricated evidence.

**5. Mr. Jones does not plead civil rights conspiracy.**

Mr. Jones asserts a conspiracy to violate his civil rights alleging "Defendants agreed and acted in concert over an extended period to violate [Mr. Jones]'s constitutional rights."[67] To state a claim for a conspiracy to violate federal civil rights, Mr. Jones must allege "'(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the

conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States,' with the added gloss under [section] 1983 that the conspirators act under the color of state law."[68]

But a civil rights conspiracy claim cannot survive without an underlying federal constitutional violation.[69] Mr. Jones does not plead a standalone constitutional violation under civil rights law. We dismiss Mr. Jones's conspiracy claims with leave to amend if he can plead specific facts allowing us to plausibly infer a conspiracy to deprive him of civil rights.

### C. We dismiss Mr. Jones's civil rights claims against Bucks County and Neshaminy School District.

Mr. Jones attempts to plead a municipal liability civil rights claim against "Defendant municipal entities" alleging they "maintained policies, customs, or practices that permitted reliance on false statements, failure to investigate, and continuation of charges without probable cause, constituting deliberate indifference to [Mr. Jones's] constitutional rights."[70] Bucks County and Neshaminy School District argue Mr. Jones still does not plead a municipal liability claim because he identifies no County employee who violated his constitutional rights, no County policy or custom, no final policymaker decision, no pattern of similar violations, and no causal link between County action and his alleged injury.[71]

We again remind Mr. Jones he must plead facts allowing us to plausibly infer an official policy or custom caused the alleged constitutional violation.[72] Mr. Jones must "specify . . . exactly" the underlying custom or policy.[73] He must "point to an official proclamation, policy, or edict by a decisionmaker possessing the final authority to establish municipal policy on the relevant subject."[74] A municipal policy under Section 1983 is a "statement, ordinance, regulation, or decision officially adopted and promulgated by" the Township's officers.[75] A custom enacted by

the Township may also lead to liability if it is "so widespread as to have the force of law."[76] "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy."[77] "Without an underlying constitutional violation, there can be no *Monell* claim."[78]

Mr. Jones adds two pages of facts against Bucks County and no new facts as to Neshaminy School District.[79] We again dismiss the claims against the Neshaminy School District with leave to amend and timely effect service of his next pleading consistent with the Federal Rules.[80]

Mr. Jones again alleges Bucks County prosecuted him despite knowing he disputed Security Chief Burns's November 9, 2021 correspondence and again ties his prosecution to the Wagner Family's improper political and legal influence.[81] Mr. Jones already referred to Bucks County's knowledge of the disputed interpretation of Mr. Burns's November 9, 2021 correspondence and the Wagner family's improper political and legal influence in his earlier Complaint. These repeated fact allegations do not identify an official policy or custom responsible for a constitutional violation.

Mr. Jones responds to Bucks County's motions to dismiss by identifying Bucks County District Attorney Matthew Weintraub's unresponsiveness to his grievances as the official policy decision underlying his municipal liability claim.[82] We disagree District Attorney Weintraub's handling of Mr. Jones's allegations established or fell under the sort of existing unconstitutional government policy required by *Monell*. Mr. Jones still does not plead facts allowing us to plausibly infer a standalone constitutional claim under federal civil rights law. We dismiss his municipal liability claims without prejudice to timely amend.

## III. Conclusion

We afforded Mr. Jones multiple opportunities to plead civil rights claims. He does not plead claims within our limited subject matter jurisdiction against Neshaminy School District, Security Chief Burns, Bucks County, and the Bucks County District Attorney's Office. We again dismiss all claims against the Bucks County District Attorney's Office with prejudice. We again dismiss Mr. Jones's failure to intervene and false arrest and imprisonment claims against Security Chief Burns with prejudice. We again dismiss the remaining claims against Security Chief Burns with leave to amend. And we again dismiss Mr. Jones's municipal liability claims against Neshaminy School District and Bucks County with leave to amend. We will address Mr. Jones's timing for leave to amend after he effects service on the remaining persons and we review their positions.

---

[1] ECF 43 at 36.

[2] *Id.* at 10, 15.

[3] *Id.* at 5.

[4] *Id.* at 5, 25.

[5] *Id.* at 5–6.

[6] *Id.* at 6.

[7] *Id.*

[8] *See id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 41.

[16] *Id.*

[17] *Id.* at 41–42.

[18] *Id.* at 42.

[19] *Id.* at 42–43.

[20] *Id.* at 6–7.

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.* at 7–8.

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 7–8.

[29] ECF 1.

[30] ECFs 29, 31–32.

[31] ECFs 34–35.

[32] *Id.*

[33] ECF 43.

[34] ECFs 45–46. Neshaminy School District, Security Chief Burns, Bucks County, and the Bucks County District Attorney's Office move to dismiss for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). The school district also moves to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint under the plausibility pleading standard. *Zanetich v. Wal-Mart Stores East, Inc.*, 123 F.4th 128, 138 (3d Cir. 2024). A plaintiff must include "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). "'Plausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 291 (2025) (quoting *Iqbal*, 556 U.S. at 678). A pleading offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted).

A party may move to dismiss a complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). "An appropriate objection under Rule 12(b)(5) would be the nonreceipt by the defendant of a summons, the absence of an agency relationship between the recipient of process and the defendant, a lack of notice to the defendant when service is delivered to a third party under a federal or state statute, or any other failure to comply with the procedural requirements in the applicable service provisions." 5B Charles Alan Wright et. al., FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2004) (footnotes omitted). Federal Rule of Civil Procedure 4 sets forth these procedural requirements for sufficient service.

A plaintiff may serve a state-created governmental organization like a school district by delivering a copy of the summons and the complaint to the organization's chief executive officer. Fed. R. Civ. P. 4(j)(2)(A). A plaintiff may also serve such an organization by delivering a copy of the summons and the complaint in the manner prescribed by the organization's state law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2)(B).

If the plaintiff does not serve the defendant within ninety days of filing the complaint, "the court 'must' dismiss the case against unserved defendants without prejudice or order service within a specified time, unless the court finds 'good cause' for the delay." *Dillard v. City of Phila.*, No. 22-941, 2025 WL 1795877, at *2 (E.D. Pa. June 30, 2025) (citing Fed. R. Civ. P. 4(m)); *see also M. K. ex rel. Barlowe K. v. Prestige Acad. Charter Sch.*, 751 F. App'x 204 (3d Cir. 2018). "However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).

If service is not properly effectuated under Rule 4 "the party asserting the validity of service bears the burden of proof on that issue." *Cutler v. Schnitzer*, No. 18-3693, 2022 WL 2763697, at *1 (3d Cir. July 15, 2022) (quoting *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

[35] ECF 45-1 at 7–10.

[36] *Id.* at 10–18.

[37] *Id.* at 5–7.

[38] ECF 46-1 at 4–10; *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660–61, 694–95 (1978). Female employees of the Department of Social Services and the Board of Education of New York City claimed the Board and Department had as a matter of policy compelled pregnant employees to take unpaid leaves of absence before medical reasons required such leaves. The Court held a local government is not liable under Section 1983 for an injury inflicted solely by its employees or agents. It is liable only when "execution of a government's policy or custom" inflicts the injury.

[39] *Id.* at 4.

[40] ECF 53.

[41] ECF 57.

[42] *See Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) ("[A] complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *Frederico v. Home Depot, U.S.A., Inc.*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("We do not consider after-the-fact allegations in determining the sufficiency of her complaint under Rules 9(b) and 12(b)(6).").

[43] ECF 59 at 2–6.

[44] ECF 35.

[45] ECF 34 at 9.

[46] *Trauger v. Columbia Cnty. Dist. Atty's Off.*, No. 25-1469, 2026 WL 1507819, at *2 (M.D. Pa. May 29, 2026) (citing *Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016)); see also *Fake v. Pennsylvania*, No. 25-1798, 2025 WL 2741856, at *2 (3d Cir. Sep. 26, 2025) (per curiam) ("[T]he Philadelphia District Attorney's Office is not a separate entity that can be sued under § 1983" (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997)); *Ellakkany v. Common Pleas Ct. of Montgomery Cnty.*, 658 F. App'x 25, 28 (3d Cir. 2016) (per curiam) (holding the "District Attorney's Office of Montgomery County" is not "separate from the municipality itself").

[47] ECF 34 at 9. The limitations period for claims alleging false arrest or false imprisonment in violation of the Fourth Amendment begins to run "at the time the claimant becomes detained pursuant to legal process." *Lloyd v. Ocean Twp. Couns.*, 857 F. App'x 61, 64 (3d Cir. 2021) (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)); *Green v. United States*, 418 F. App'x 63, 67 (3d Cir. 2011). Mr. Jones admits the Commonwealth arrested and detained him on December 11, 2021 and again on February 3, 2022. ECF 43 at 14–16. The statute of limitations period for his

false arrest and false imprisonment claims expired in February 2024 at the latest. Mr. Jones filed this latest case in February 2026, two years after his claims accrued.

[48] *Ogrod v. City of Phila.*, 598 F. Supp. 3d 253, 272 (E.D. Pa. 2022) (citing *Lozano v. New Jersey*, 9 F.4th 239, 246 n.4 (3d Cir. 2021)).

[49] ECF 35.

[50] ECF 34 at 10; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

[51] ECF 43 at 23–24.

[52] *Id.* at 24.

[53] *Id.*

[54] *Id.*

[55] ECF 25 at 20–22.

[56] ECF 57 at 36.

[57] ECF 43 at 78.

[58] *Id.*

[59] *Id.*

[60] *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (citation modified) (footnote omitted).

[61] ECF 43 at 78.

[62] *Hicks v. City of Phila.*, 783 F. Supp. 3d 834, 856 (E.D. Pa. 2025) (quoting *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007)).

[63] ECF 43 at 78.

[64] *Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

[65] ECF 43 at 78.

[66] *Burke v. Bachert*, 702 F. Supp. 3d 347, 363 (E.D. Pa. 2023) (citing *Black v. Montgomery Cnty.*, 835 F.3d 358, 372 (3d Cir. 2016), as amended (Sept. 16, 2016)); *Boseman v. Upper Providence Twp.*, 680 F. App'x. 65, 69–70 (3d Cir. 2017)).

[67] ECF 43 at 78.

[68] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quoting *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001)).

[69] *Dondero v. Lower Milford Twp.*, 431 F. Supp. 3d 590, 606 (E.D. Pa. 2019), aff'd, 5 F.4th 355 (3d Cir. 2021); see also *Rink v. Ne. Educ. Intermediate Unit 19*, 717 F. App'x 126, 141 (3d Cir. 2017) ("There can be no civil conspiracy to commit an unlawful act under § 1983 where the plaintiff has not proven a deprivation of a constitutional or federal statutory right or privilege.").

[70] ECF 43 at 78.

[71] ECF 46-1 at 5–9; ECF 45-1 at 17–18.

[72] *Monell*, 436 U.S. at 694.

[73] *McTernan v. City of York, Pa.*, 564 F.3d 636, 641, 658–59 (3d Cir. 2009). A pro-life advocate spoke to pregnant women as they entered a Planned Parenthood clinic. A member of the City of York police department restricted the advocate from walking in an alley adjacent to the clinic. The advocate did not allege the Mayor or Police Chief directed the restriction. The plaintiff alleged nothing more than directives issued *ad hoc* by individual officers without reference to any formal administrative or policy channels. Our Court of Appeals held the insufficient allegations failed to specify a relevant "custom" or "policy."

*See also Fullman v. City of Philadelphia*, No. 24-682, 2025 WL 2825586 at *1, *12 (E.D. Pa. Oct. 2, 2025). Mr. Fullman alleged various city entities and employees denied him access to handicapped parking, harassed him, and discriminated against him in retaliation for his parking complaints and for his membership in protected classes based on age, color, disability, and race. Chief Judge Beetlestone cited *McTernan* and held Mr. Fullman identified no city policy or custom responsible for the alleged constitutional violations. Chief Judge Beetlestone found his vague, generalized, conclusory allegations did not state a valid *Monell* claim.

[74] *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

[75] *Monell*, 436 U.S. at 690.

[76] *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

[77] *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985)).

[78] *City of Phila. v. Hempstead Props.*, LLC, No. 23-2434, 2024 WL 1620792, at *2 (E.D. Pa. Apr. 15, 2024) (citing *Knellinger v. York Street Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014)).

[79] ECF 43 at 27, 36.

[80] We do not analyze whether Mr. Jones effectuated sufficient service of process because he does not state a claim for relief under Rule 12(b)(6).

[81] *Id.* at 27.

[82] ECF 57 at 4.